Argued and submitted June 2, affirmed November 16, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## SEAN ADAM NELSON LIECHTI,
*Appellant.*

21-03-03751; A123373

123 P3d 350

Brian Michaels argued the cause for appellant. With him on the opening brief was Lauren Regan. On the reply brief was Brian Michaels.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Wollheim, Presiding Judge, and Edmonds* and Schuman, Judges.

---

* Edmonds, J., *vice* Richardson, S. J.

SCHUMAN, J.

**SCHUMAN, J.**

Defendant pleaded guilty to driving under the influence of intoxicants (DUII), ORS 813.010(1). On appeal, he contends that one of the special conditions of probation imposed by the trial court judge—that he turn in his Oregon Medical Marijuana Program (OMMP) card and not use marijuana during his probation—was unlawful. We conclude that, regardless of the merits of his claim, we may not modify the judgment as he requests because doing so would have no substantial effect on his rights. ORS 138.230. We therefore affirm.

Defendant's DUII conviction stemmed from driving under the influence of alcohol; marijuana was not involved. The trial court originally permitted him to enter a diversion program in lieu of a conviction, but defendant failed to complete the program and subsequently pleaded guilty. The sentencing judge ordered defendant to participate in alcohol treatment as a condition of probation. Once apprised that defendant had participated for several years in OMMP, which allowed him to cultivate and use limited amounts of marijuana for pain relief, *see* ORS 475.300 - 475.346, the judge also ordered him to turn in his OMMP card and refrain from using marijuana during the probation period.

After the hearing, the court issued a written judgment listing several terms and conditions of defendant's probation. Two of those terms, conditions 1 and 9, are of particular significance here. Condition 1 states, in part, "Defendant shall violate no law and shall report to the court in writing every citation or arrest on any new crime or major traffic offense within five days after citation or arrest." Condition 9 restates the court's oral requirement that defendant suspend his use of marijuana under OMMP: "Defendant shall turn in his marijuana card and not use marijuana during the life of his probation."

On appeal, defendant contends that the trial court lacked authority under ORS 137.540(2) to impose condition 9. The state counters that the court did not exceed the limitations on special conditions of probation under that subsection. We need not resolve that dispute, however, because

even if defendant is correct, we are precluded by ORS 138.230 from modifying the judgment. That statute provides:

> "After hearing the appeal, the court shall give judgment, without regard to the decision of questions which were in the discretion of the court below or to technical errors, defects or exceptions which do not affect the substantial rights of the parties."

Even if we were to grant defendant the relief that he seeks, that is, vacating condition 9, he would nonetheless have a continuing obligation to abstain from marijuana use under condition 1.

ORS 137.540, the statute governing conditions of probation, defines "general" and "specific" conditions. ORS 137.540(1) states, in part, "The court may sentence the defendant to probation, which shall be subject to the following *general conditions* unless specifically deleted by the court." (Emphasis added.) The statute then lists several such general conditions, including that a defendant "[p]articipate in a substance abuse evaluation as directed by the supervising officer and follow the recommendations of the evaluator if there are reasonable grounds to believe there is a history of substance abuse," ORS 137.540(1)(d), and, "[o]bey all laws, municipal, county, state *and federal*," ORS 137.540(1)(j) (emphasis added). Defendant does not argue that the court lacked authority to impose condition 1.

ORS 137.540(2) permits the court to prescribe additional, "special" conditions, within the following limits: "In addition to the general conditions, the court may impose any special conditions of probation that are reasonably related to the crime of conviction or the needs of the defendant for the protection of the public or reformation of the offender, or both[.]" Thus, by its plain terms, ORS 137.540(2) permits the court to require conditions in addition to any of the general conditions in ORS 137.540(1), as long as they are "reasonably related" *either* (1) to the offense of conviction *or* (2) to the defendant's own needs for assistance in protecting the public from harm or for reformation, *or* to both (1) and (2).

Condition 1, which recites, "Defendant shall violate no law * * *," communicates, albeit in more succinct terms,

the same obligations required in ORS 137.540(1)(j), that is, compliance with federal, local, and state law. The alternative, an interpretation that would exempt compliance with federal law, is not only forced, but also hostile to the policy fundamentals of probation. Probation is designed to encourage law abiding conduct of probationers, and, to that end, probationers subject to that general condition are obliged to follow *all* laws and report *any* infractions. *See State v. Martin*, 282 Or 583, 588, 580 P2d 536 (1978) ("The purposes of probation include rehabilitation and the freedom of the individual, as long as these are consistent with public safety.").

Compliance with federal law requires defendant to abstain from marijuana possession and use. Under the Controlled Substances Act (CSA), it is illegal to manufacture or simply possess marijuana. 21 USC §§ 812(c), 841(a), 844(a). Those activities, though authorized by state statute for OMMP registrants, ORS 475.306, are enforceable by federal agents as federal crimes. *See Gonzales v. Raich*, ____ US ____ , 125 S Ct 2195, 162 L Ed 2d 1 (2005) (CSA enforceable against users and growers of marijuana regardless of California statute permitting medical use); Letter of Advice dated June 17, 2005, to Dr. Susan M. Allen (recommending that Oregon Department of Human Services notify OMMP members "that federal law continues to treat the manufacture, distribution and possession of marijuana as a crime and that compliance with [state law] does not immunize individuals against possible federal prosecution"). In order to fulfill his continuing obligation under condition 1, defendant may not cultivate, possess, or use marijuana, regardless of his enrollment in OMMP.

Thus, even if defendant were to achieve his objective on appeal, his rights and obligations would remain essentially the same. If we were to decide this case in defendant's favor by determining that the trial court exceeded its authority in imposing condition 9, we would issue an order vacating that condition rather than reversing the judgment *in toto*. *See, e.g., State v. Donovan*, 307 Or 461, 467, 770 P2d 581 (1989) (illustrating vacatur of invalid probation condition). That victory, however, would not permit defendant to cultivate, use, or possess marijuana; those activities would still

violate condition 1. Thus, by prevailing, defendant would obtain only one alteration to his rights: he would be permitted to retain possession of his OMMP card. However, the bare fact that he could possess the card would not *"substantially affect"* his rights, ORS 138.230 (emphasis added), because, under condition 1, he could not use it. Put another way, what does or does not happen to condition 9 is of no practical importance because condition 9 is redundant. All of its operational elements are wholly contained within condition 1, which defendant does not contest.

Affirmed.