AOYAGI, J.
*1068 *792 Defendant was convicted of driving while suspended, ORS 811.182, and placed on probation. The trial court imposed two special conditions of probation: (1) that defendant "not use or possess alcoholic beverages," and (2) that defendant attend a DUII victim's impact panel and pay an attendance fee of $20. Defendant challenges both conditions on appeal. Because we agree with defendant that the conditions do not satisfy the requirements of ORS 137.540(2), we remand for resentencing.
The relevant facts are undisputed. Defendant's driver's license is suspended for his lifetime due to convictions for driving under the influence of intoxicants (DUII) in 2006, 2007, and 2014. A law enforcement officer stopped defendant in 2015 while defendant was driving to work. There is no evidence that defendant had any alcohol in his system at the time of the stop. As a result of the stop, defendant was convicted of driving while suspended, ORS 811.182, and placed on probation for 24 months. As relevant here, the court imposed two special conditions of probation. First, it required that defendant "not use or possess alcoholic beverages." The court explained that, although defendant was no longer on probation for DUII, "now you're back on probation and they're not going to let you have any alcohol. And because of your history underlying this, I'm not letting you have any alcohol either. That is not your friend." Second, the court required defendant to attend a victim impact panel and pay the $20 attendance fee. The court noted that defendant's prior probation record, from his 2014 DUII conviction, "says that you attended the victim's impact panel and that you never paid the $20. I am going to order-I'm going to have you attend another victim's impact panel." Defendant objected to both special conditions of probation. The court noted the objection, but then reiterated, "As I said, the big issue for this is, you know, you have the three prior Driving Under the Influence."
Defendant appeals the judgment. In his first assignment of error, he challenges the imposition of the special condition regarding use or possession of alcohol. In his second assignment of error, he challenges the imposition of the *793 special condition regarding the DUII victim's impact panel. We review the imposition of probation conditions for errors of law. State v. Maack , 270 Or. App. 400, 401, 348 P.3d 265 (2015).
ORS 137.540(2) gives the trial court discretion to impose any special conditions of probation "that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." As a preliminary matter, we address the correct construction of that potentially confusing sentence. Prior to 1981, ORS 137.540 did not distinguish between general and special conditions of probation or contain any express limitations on the conditions that could be imposed. The courts recognized, however, that a probation condition "that is not related to the offense or does not promote public safety or rehabilitation" would violate proportionality requirements and therefore was not permitted. State v. Martin , 282 Or. 583, 588, 580 P.2d 536 (1978).
In 1981, the legislature substantially revised ORS 137.540, including adding subsection (2):
"In addition to the general conditions, the court may impose special conditions of probation for the protection of the public or the reformation of the offender, or both, including but not limited to [twelve enumerated conditions]."
ORS 137.540(2) (1981), amended by Or. Laws 1981, ch. 671, § 1. Thus, after 1981, the statute expressly authorized special conditions "only 'for the protection of the public or reformation of the offender, or both.' " State v. Donovan , 307 Or. 461, 466, 770 P.2d 581 (1989).
In 1993, the legislature again revised ORS 137.540, adding a "reasonable relationship" requirement in the middle of the existing language:
"In addition to the general conditions, the court may impose any special conditions of probation that are reasonably related to the crime of conviction or the needs of the defendant for the protection of the public or reformation of the offender, *1069 or both, including, but not limited to [enumerated conditions]."
*794 ORS 137.540(2) (1993), amended by Or. Laws 1993, ch. 680, § 16 (amendments in bold). The legislature has made only a nonsubstantive change to that language since 1993. See Or. Laws 2005, ch. 642, § 1 (amending statute to refer to "probationer" instead of "defendant" or "offender").
Prior versions of a statute are "context" for statutory construction purposes. State v. Spainhower , 251 Or. App. 25, 28, 283 P.3d 361 (2012). The statutory history of ORS 137.540(2) makes clear that, notwithstanding the ambiguous compounding of phrases, the legislature intended to require that special conditions of probation be (1) reasonably related to the crime of conviction or the needs of the defendant, and (2) imposed for the protection of the public or reformation of the offender or both. That reading of the statute also is the most grammatically sound. We therefore take this opportunity to reaffirm that that is how we construe ORS 137.540(2). We have articulated the same construction in the past. See State v. Mack , 156 Or. App. 423, 427-28, 967 P.2d 516 (1998) ("A trial court has discretion to impose special conditions of probation 'for the protection of the public or reformation of the offender, or both.' ORS 137.540(2). However, the imposition of special conditions must be 'reasonably related to the crime of conviction or the needs of the defendant.' Id ."); State v. Olson , 246 Or. App. 785, 786, 268 P.3d 679 (2011) (consistent); State v. Bourrie , 190 Or. App. 572, 573, 80 P.3d 505 (2003) (consistent). Clarification is merited, however, because we have occasionally stated a different construction in dicta.[1]
Turning to the specifics of this case, defendant contends that the two challenged special conditions of probation do not satisfy the requirements of ORS 137.540(2). In response, the state does not argue that those conditions *795 reasonably relate to defendant's crime of conviction, driving while suspended. Rather, it argues that the court had authority to impose the conditions because they relate to defendant's past conduct of driving under the influence of alcohol, which is what led to his license suspension.
The state reads the statute too broadly. In some circumstances, prior criminal history may be relevant to crafting special conditions related to the needs of the probationer. For example, in Maack , the defendant was convicted of three sex crimes as a teenager and placed on probation for 10 years. 270 Or. App. at 401, 348 P.3d 265. His probation conditions prohibited him, among other things, from viewing pornography and from having contact with minors. Id . at 401-02, 348 P.3d 265. Nonetheless, while on probation, he viewed online pornography, tried to "pick up girlfriends" in online chat rooms, and communicated on social networking sites with at least one minor with whom he had a sexual relationship. Id . at 402-04, 348 P.3d 265. Under those circumstances, and given the defendant's "extensive record when it came to Internet pornography," a new probation condition was imposed that prohibited him from using the Internet. Id . at 404, 348 P.3d 265. On appeal, we agreed with the state that the condition was reasonably related to the "defendant's needs" and served both to protect the public and rehabilitate the defendant. Id . at 410-11, 348 P.3d 265.
Here, unlike in Maack , there is no evidence that the challenged special conditions are reasonably related to the needs of defendant. Nor do they appear to serve the probationary purposes of protection of the public, reformation of defendant, or both. Rather, this case is like others in which we have overturned a special condition of probation due to the lack of a reasonable relationship to the crime of conviction or the defendant's needs. For example, in *1070 State v. Gaskill , 250 Or. App. 100, 103, 279 P.3d 275 (2012), we overturned a probation condition that prohibited the defendant, who was convicted of sexual abuse of an adult, from contacting minors, where there was "no connection between defendant's unlawful sexual conduct and his relationship to minors." In State v. Bourrie , 190 Or. App. 572, 573, 80 P.3d 505 (2003), we overturned a probation condition that required the defendant, who was convicted of a nonsex offense, to *796 undergo a sex offender evaluation and receive recommended treatment. And, in State v. Qualey , 138 Or. App. 74, 78, 906 P.2d 835 (1995), we overturned a probation condition that prohibited the defendant, who was convicted of assault, from using intoxicants, where "there appear[ed] to be no connection between defendant's inability to control his temper and his possession or consumption of intoxicants."
Although the trial court has substantial discretion in imposing special conditions of probation, ORS 137.540(2) requires that the conditions be reasonably related to the crime of conviction or defendant's needs and that they serve the purposes of probation. The statute "does not give courts open-ended discretion to rearrange an offender's life." Donovan , 307 Or. at 466, 770 P.2d 581.[2] It is certainly possible that ceasing drinking, or attending another DUII victim's impact panel, could be beneficial to defendant in ways unrelated to his driving-while-suspended conviction. At a minimum, the former would avoid any risk of another DUII conviction related to alcohol. However, defendant is not on probation for DUII-he is on probation for driving while suspended-and, on this record, there appears to be no connection between defendant using alcohol and his driving while suspended. The special conditions therefore do not meet the requirements of ORS 137.540(2).
Remanded for resentencing.

Despite having correctly interpreted the statute in Mack , we later said in State v. Liechti , 202 Or. App. 649, 652, 123 P.3d 350 (2005), that special conditions of probation must be " 'reasonably related' either (1) to the offense of conviction or (2) to the defendant's own needs for assistance in protecting the public from harm or for reformation, or to both (1) and (2)." (Emphasis in original.) We described the statute similarly in State v. McCollister , 210 Or. App. 1, 5, 150 P.3d 7 (2006). The statements in Liechti and McCollister were dicta. See Halperin v. Pitts , 352 Or. 482, 491-92, 287 P.3d 1069 (2012) (regarding when prior statutory construction is dicta). To avoid any future confusion, we disavow that construction of ORS 137.540(2).

The state cites Donovan for the proposition that the rehabilitative purpose of probation "encompasses requiring a convicted offender to abstain from types of conduct shown to have played a role in his past offenses." 307 Or. at 466, 770 P.2d 581. In context, the Donovan court was referring to the past offenses underlying the probation , as there were no other past offenses at issue. See id. at 463-67, 770 P.2d 581.