PER CURIAM
*825 *663 After pleading guilty, defendant was convicted of one count of misdemeanor driving under the influence of intoxicants, ORS 813.010(4), and sentenced to two years' probation, with general and special probation conditions. He appeals the judgment of conviction, assigning error to the trial court's imposition of a special condition of probation, first appearing in the judgment, that "prohibited [him] from possessing or consuming marijuana and * * * participat[ing] in the Oregon Medical Marijuana Program [OMMP]."[1] He contends that, under ORS 137.542(2),[2] the court "lacked the authority to interfere with [his] ability to participate in the OMMP," and he requests resentencing.[3] The state concedes that the court erred and further agrees that resentencing is the correct disposition.[4] We agree with the parties to the extent that, if defendant holds a medical marijuana registry identification card, the special condition as imposed is inconsistent with ORS 137.542(2). However, the record does not establish whether defendant is, indeed, a medical *664 marijuana cardholder. Because defendant did not have the opportunity to address that question before the judgment was entered, we reverse and remand for the court to determine whether ORS 137.542(2) applies in this case and, if so, to modify the special condition to conform with the statute. State v. Kilgore , 295 Or. App. 602, --- P.3d ---- (2019).[5]
Remanded for resentencing; otherwise affirmed.

In that circumstance, preservation is not required. State v. Lewis , 236 Or. App. 49, 52, 234 P.3d 152, rev. den. , 349 Or. 172, 243 P.3d 70 (2010).

ORS 137.542(2) provides:
"Notwithstanding ORS 137.540, the conditions of supervision of a person who holds a registry identification card and is sentenced to probation related to the use of usable marijuana, medical cannabinoid products, cannabinoid concentrates or cannabinoid extracts must be imposed in the same manner as the conditions of supervision of a person sentenced to probation related to prescription drugs."

Defendant also argues that we should reverse and remand for resentencing on the additional ground that the court abused its discretion under ORS 137.030(2) in imposing the disputed condition outside of defendant's presence. Given our disposition, we need not address that question.

After defendant filed his opening brief, and we decided State v. Bowden , 292 Or. App. 815, 425 P.3d 475 (2018), the state filed a motion in the trial court to amend the judgment so that the challenged special condition would read, "Defendant shall not use or possess marijuana except in compliance with the Oregon Medical Marijuana Act." The trial court denied the state's motion based on State v. Liechti , 202 Or. App. 649, 123 P.3d 350 (2005), rev. den. , 340 Or. 673, 136 P.3d 743 (2006) (declining to vacate special probation condition requiring the defendant to turn in his medical marijuana card where doing so would not substantially affect the defendant's rights, given an uncontested general probation condition that the defendant "violate no law," including federal law). The trial court's denial of the state's motion is not before us; however, we note that Liechti was decided before the enactment of ORS 137.542(2) and our interpretation of that statute in Bowden .

Defendant argues that the record here affirmatively establishes that he holds a medical marijuana registry identification card; however, the only "evidence" that defendant identifies in that regard is his attorney's representation that defendant had taken "prescription medication" at the time of the offense. That statement is ambiguous at best, and, in any event, assertions of counsel are not evidence. State v. Green , 140 Or. App. 308, 317 n. 11, 915 P.2d 460 (1996).