IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36010-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| MIKHAIL S. BARBAROSH, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Mikhail Barbarosh appeals his conviction and sentence for possession of a controlled substance, methamphetamine. He raises two arguments why his conviction should be reversed. We reject those arguments.

He raises one argument why his sentence should be reversed. We hold that a trial court errs by imposing a sentence not authorized by a jury's express findings as reflected in the jury instructions as a whole. Because the jury instructions as a whole do not establish that the jury expressly found that Barbarosh possessed methamphetamine, we remand for the trial court to impose a misdemeanor sentence.

FACTS

Corrections Officer Cynthia Young was assigned to master control at Benton County jail.  She monitored and controlled the doors for everyone who came in and out of the jail.  Officer Young saw Barbarosh, a laundry trustee inmate, bend down near the kitchen door—a prohibited movement.  After Barbarosh bent down near the door, an inmate on the other side, Daniel Kapitula, bent down and then stood up and put something in his shirt pocket.  Officer Young notified Corrections Officer Terry Blumenthal of the incident.

Officer Blumenthal searched inmate Kapitula and found various items, including a small, folded, white piece of paper wrapped in blue painter's tape.  The officer took the items to booking and inspected them with Corrections Officer Boris Draskovic.  They removed the tape, unfolded the paper, and found a small crystal-like substance.  It was then given to Corporal Dallas Murray.  Corporal Murray gave the evidence to Deputy Bruce Surplus, and the deputy placed it into the evidence locker.

Jennifer Allen, a forensic scientist with the Washington State Patrol Crime Laboratory, performed a test on the crystal-like substance.  The test concluded the substance contained methamphetamine.

By amended information, the State charged Barbarosh with one count of unlawful

possession of a controlled substance, methamphetamine, with a county jail allegation and

enhancement.  Barbarosh went to trial.  Prior to opening statements, the trial court orally

advised the jury:

> The defendant is charged by first amended information as follows:
> Count I: That the said Mikhail S. Barbarosh in the County of Benton,
> State of Washington, on or about the 4th day of November, 2017, did
> unlawfully possess a controlled substance, to wit: methamphetamine,
> contrary to the form of the statute in such cases made and provided, and
> against the peace and dignity of the State of Washington.

Report of Proceedings (RP) (Jan. 8, 2018) at 3-4.

The State presented its evidence to the jury.  Barbarosh chose not to call any

witnesses.  The court then instructed the jury on the law.  Instruction number 10, the to-

convict instruction, failed to specify the controlled substance at issue.  That instruction

read:

> To convict the defendant of the crime of possession of a controlled
> substance, each of the following elements of the crime must be proved
> beyond a reasonable doubt:
> (1)  That on or about November 4th, 2017, the defendant possessed a
> controlled substance; and
> (2) That this act occurred in the State of Washington.

Clerk's Papers (CP) at 28; *see also* RP (Jan. 9, 2018) at 143-44.

The State then gave its closing argument. Barbarosh responded and questioned the

strength of the State's circumstantial evidence that linked him with the methamphetamine

found on Kapitula. Barbarosh urged the jury to return a not guilty verdict. During the

State's rebuttal argument, the deputy prosecutor argued in part:

> He possessed a controlled substance. He passed that to another
> inmate. He violated the rules of the trustee to do so, and ultimately
> Kapitula's found with that substance moments later. *I'm satisfied.* I'm
> confident that you will be satisfied considering everything that's been
> presented to you, and I ask you to find the defendant guilty of the crime of
> Unlawful Possession of a Controlled Substance and answer "yes" to the
> Special Verdict Form.

RP (Jan. 9, 2018) at 160-61 (emphasis added).

On the prepared jury verdict form, the jury foreman filled in the blank: "We, the

jury, find the defendant MIKHAIL S. BARBAROSH, <u>Guilty</u> of the crime of Unlawful

Possession of a Controlled Substance as charged in Count I." CP at 34. The trial court

entered a judgment of conviction and imposed various legal financial obligations,

including a $200 criminal filing fee and a $100 DNA[1] collection fee.

Barbarosh timely appealed to this court.

---

[1] Deoxyribonucleic acid.

ANALYSIS

Barbarosh raises four arguments: (1) prosecutorial misconduct for expressing a personal opinion during closing argument, (2) ineffective assistance of counsel for not objecting to the prosecutor's improper argument, (3) the to-convict instruction's failure to identify the specific controlled substance requires remand for a misdemeanor sentence, and, (4) the criminal filing fee and the DNA collection fee should be struck.

1.    PROSECUTORIAL MISCONDUCT

Barbarosh contends the State committed prosecutorial misconduct by asserting a personal opinion of guilt during closing argument. Whether the comment was improper or not, we conclude Barbarosh waived the purported error by failing to object.

To prevail on a claim of prosecutorial misconduct, Barbarosh must establish "'that the prosecutor's conduct was both improper and prejudicial in the context of the entire record and the circumstances at trial.'" *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011) (internal quotation marks omitted) (quoting *State v. Magers*, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)). Where lack of prejudice is evident, we may dispose of the claimed error by addressing this issue alone.

To demonstrate prejudice, the defendant must show a substantial likelihood that the prosecutor's misconduct affected the jury's verdict. *Thorgerson*, 172 Wn.2d at 443.

A failure to object to an improper remark waives review of the error unless the remark "'is so flagrant and ill intentioned that it causes an enduring and resulting prejudice that could not have been neutralized by an admonition to the jury.'" *Id.* (quoting *State v. Russell*, 125 Wn.2d 24, 86, 882 P.2d 747 (1994)). In making that determination, the court "focus[es] less on whether the prosecutor's misconduct was flagrant or ill intentioned and more on whether the resulting prejudice could have been cured." *State v. Emery*, 174 Wn.2d 741, 762, 278 P.3d 653 (2012).

Here, Barbarosh argued in closing that the State's case was based on circumstantial evidence and the jury should acquit because the evidence was weak. The deputy prosecutor responded to this argument by reviewing the circumstantial evidence and concluding, "I'm satisfied." RP (Jan. 9, 2018) at 160. Barbarosh did not object. Even if the remark was an improper personal opinion of Barbarosh's guilt, it was sufficiently brief and tied to the evidence so that any resulting prejudice could have been cured by a timely objection. For this reason, we conclude that Barbarosh waived the purported error.

2.    INEFFECTIVE ASSISTANCE OF COUNSEL

Barbarosh contends he received ineffective assistance of counsel when his attorney failed to object to the deputy prosecutor's "I'm satisfied" remark. We disagree.

To protect a defendant's right to counsel, a defendant has the right to receive effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). An allegation of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *Id.* at 698. To determine whether counsel provided effective assistance, we apply a two-pronged test: (1) whether counsel's performance was deficient, and (2) whether that deficient performance prejudiced the defendant to an extent that changed the result of the trial. *Id.* at 687. We can address the second prong initially "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Id.* at 697.

Here, the deputy prosecutor's remark was brief and tied to the evidence. The remark did not incite the jury's passion, but focused the jury on the State's evidence. For these reasons, we conclude that defense counsel's failure to object did not change the result of the trial. We, therefore, reject Barbarosh's ineffective assistance of counsel claim.

3.    SENTENCE AUTHORIZED BY JURY VERDICT

 "[U]nder both the Sixth Amendment to the United States Constitution and article I, sections 21 and 22 of the Washington Constitution, the jury trial right requires that a sentence be authorized by the jury's verdict." *State v. Williams-Walker*, 167 Wn.2d 889,

896, 225 P.3d 913 (2010). If a court imposes a sentence not authorized by the jury's verdict, the harmless error analysis does not apply. *Id.* at 900-01.

Barbarosh contends the to-convict instruction's failure to identify the specific controlled substance requires remand for a misdemeanor sentence. We have previously discussed the sentencing consequences for failing to identify the controlled substance in jury instructions for drug offenses. We summarize these cases below.

In *State v. Clark-El*, 196 Wn. App. 614, 384 P.3d 627 (2016), the defendant was charged with delivering a controlled substance, methamphetamine. The to-convict instruction required proof only that he "'delivered a controlled substance'" and failed to identify methamphetamine as the substance. *Id.* at 619. We held that omission of "methamphetamine" from the to-convict instruction authorized the trial court to impose only the lowest possible sentence for delivery of a controlled substance. *Id.* at 624. And, because delivery of a controlled substance could result in conviction for a class C felony (rather than the class B felony for delivering methamphetamine), we remanded for the trial court to resentence the conviction as a class C felony. *Id.* at 624-25.

In *State v. Gonzalez*, 2 Wn. App. 2d 96, 408 P.3d 743, *review denied*, 190 Wn.2d 1021, 418 P.3d 790 (2018), the defendant was charged in count II with possessing a controlled substance, methamphetamine. The to-convict instruction required proof that

the defendant possessed a controlled substance "'as charged in Count II.'" *Id.* at 104.

The jury instructions did not advise the jury what count II alleged. We reasoned,

"[w]ithout a finding regarding the nature of the controlled substance, the jury's verdict

did not provide a basis on which the trial court could impose a sentence based on

possession of methamphetamine." *Id.* at 114. We held that the jury's finding that the

defendant possessed an unidentified controlled substance authorized the trial court to

impose the lowest possible sentence for unlawful possession of a controlled substance.

*Id.* We concluded that the lowest possible sentence for possession of a controlled

substance was a 90-day misdemeanor sentence for possession of marijuana and remanded

for resentencing. *Id.* at 109, 114.

In *State v. Rivera-Zamora*, 7 Wn. App. 2d 824, 827, 435 P.3d 824 (2019), the

defendant was charged with various crimes, including possession with intent to deliver,

methamphetamine. The to-convict instruction omitted the identity of the controlled

substance. *Id.* at 829. We nevertheless affirmed the felony sentence because the verdict

form stated the jury found the defendant guilty of "unlawful possession of a controlled

substance with intent to deliver—methamphetamine." *Id.* at 829-30. *Rivera-Zamora*

stands for the proposition that express language in the verdict form may establish a

sufficient jury finding. This is consistent with *Williams-Walker*, which held that "the jury

9

trial right requires that a sentence be authorized by the *jury's verdict*." 167 Wn.2d at 896 (emphasis added).

The State argues that *Clark-El* and *Gonzalez* were wrongly decided because they conflict with *State v. Sibert*, 168 Wn.2d 306, 230 P.3d 142 (2010). In *Sibert*, the defendant was convicted of three counts of unlawful delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver. *Id.* at 310. The to-convict instructions failed to identify the specific drug. Instead, the various to-convict instructions referred to the charges by saying: "'To convict the Defendant . . . of the crime of Delivery of a Controlled Substance *as charged* . . . .'" *Id.* at 312 (alterations in original). The charges, although not contained within the jury instructions, repeatedly alleged that the controlled substance was methamphetamine. *Id.* A plurality of four justices determined that the reference to the charging documents impliedly incorporated the language "methamphetamine" into the jury instructions. *Id.* The plurality affirmed both the defendant's conviction and sentence because the defendant had clear notice that the charges involved only methamphetamine, and because methamphetamine was the only substance mentioned throughout trial. *Id.* at 312-13.[2] A fifth justice concurred only

---

[2] Although not expressly stated, it appears that the plurality affirmed Sibert's sentence because he could not show he was prejudiced by the instructional error.

10

in the result. *Id.* at 317. Four justices dissented. Three of these four would have required the trial court to resentence the defendant to the lowest possible offense for delivery of a controlled substance. *Id.* at 325 (Alexander, J., dissenting). The other dissenting justice would have reversed the conviction. *Id.* at 334 (Sanders, J., dissenting).

We agree with *Clark-El*: A plurality opinion "ʻhas limited precedential value and is not binding on the courts.ʼ" 196 Wn. App. at 619-20 (quoting *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 302, 88 P.3d 390 (2004)). And as noted by the three dissenting justices, the plurality disregarded its own recent precedent of *State v. Recuenco*, 163 Wn.2d 428, 440-41, 180 P.3d 1276 (2008), which held that harmless error does not apply when a trial court imposes a sentence not authorized by the jury. For these reasons, we decline to follow the plurality decision.

Here, Barbarosh was charged with possession of a controlled substance, methamphetamine. The to-convict instruction did not identify the controlled substance, but the jury verdict form stated that the jury found Barbarosh guilty of "Unlawful Possession of a Controlled Substance as *charged in Count I*." CP at 34 (emphasis added). Similar to *Gonzalez*, the jury instructions did not advise the jury what count I alleged. If it had, there would have been an express jury finding that the controlled substance possessed by Barbarosh was methamphetamine. Nor does it matter that the trial court

11

orally advised the jury before trial what *amended* count I alleged. The verdict form refers to count I, not amended count I. Also, the oral advisement, occurring before opening statements, is too attenuated from the verdict to constitute an express jury finding. Without an express jury finding based on the instructions as a whole, the trial court was not authorized to sentence Barbarosh as if the jury had found he had possessed methamphetamine. We conclude that remand is required for resentencing to the lowest possible offense for possession of a controlled substance, consistent with the jury's express finding.

### *Lowest possible offense*

Barbarosh asserts that the lowest possible offense consistent with the jury's express finding is possession of marijuana, 40 grams or less. RCW 69.50.4014. The State disagrees. It asserts that Barbarosh cannot be sentenced under RCW 69.50.4014 because, as noted in the charging document, Barbarosh is older than 21. We agree with Barbarosh.

RCW 69.50.4014 provides: "Except as provided in RCW 69.50.401(2)(c) or as otherwise authorized by this chapter, any person found guilty of possession of forty grams or less of marijuana is guilty of a misdemeanor." RCW 69.50.4013(3)(a) permits persons 21 years of age or older to possess up to one ounce of usable marijuana.

12

No. 36010-5-III
*State v. Barbarosh*

Here, the jury found that Barbarosh possessed a controlled substance. It did not make any finding as to Barbarosh's age. The jury's verdict, therefore, supports a misdemeanor sentence under RCW 69.50.4014.

4.    CRIMINAL FILING FEE AND DNA COLLECTION FEE

Citing *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018), Barbarosh asks that we direct the trial court to strike his criminal filing fee and his DNA collection fee. The State concedes this issue. We direct the trial court to strike those fees.

Affirmed in part; remanded.

Lawrence-Berrey, C.J.

WE CONCUR:

Fearing, J.                          Pennell, J.

13