Submitted December 20, 2019; remanded for resentencing, otherwise affirmed
February 5, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERIC HUNTER WORTHEY,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR43093; A168791

460 P3d 545

Defendant appeals from a judgment of conviction for fleeing or attempting to elude a police officer and recklessly endangering another person. Defendant assigns error to the trial court's imposition of three special conditions of probation, prohibiting defendant from (1) using or possessing alcohol, (2) entering establishments serving alcohol, and (3) using or possessing marijuana or cannabis products. Defendant did not object to those conditions during sentencing and now asks for plain error review, arguing that they do not relate to the crimes underlying his conviction or his particular needs. *Held*: The Court of Appeals declined to exercise discretion to review the first two conditions as plain error. The third condition, prohibiting the use or possession of marijuana, appeared for the first time in the written judgment. Therefore, defendant was excused from having to object to it. Because the record does not support a conclusion that restricting defendant's use of marijuana reasonably relates to the crime of conviction, the needs of defendant, or the protection of the public, the trial court erred when it imposed that special condition of probation.

Remanded for resentencing; otherwise affirmed.

Sheryl Bachart, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

SHORR, J.

Remanded for resentencing; otherwise affirmed.

**SHORR, J.**

Defendant appeals from a judgment of conviction for fleeing or attempting to elude a police officer, ORS 811.540 (1)(b)(A), and recklessly endangering another person, ORS 163.195, which was entered after defendant pleaded guilty to those crimes. Defendant challenges the trial court's imposition of three special conditions of probation prohibiting defendant from (1) using or possessing alcoholic beverages, (2) entering establishments serving alcohol (except as a result of employment or consuming a meal), and (3) using or possessing marijuana or cannabis products. Regarding the first two conditions, defendant did not object in the trial court to the imposition of those conditions and asks us to exercise our discretion to review the court's decision as plain error. As to the third condition, the court did not announce that condition in court during sentencing, but nevertheless imposed the condition in the judgment. Defendant asks us to review that decision for legal error. As we discuss below, we do not exercise our discretion to review the first two conditions as plain error. We agree, however, that the trial court erred in imposing the third condition, and, as a result, we remand for resentencing.

Defendant's first two assignments of error relate to the imposition of special conditions of probation that restrict defendant's use or possession of alcohol and his entry into establishments that serve alcohol. Defendant contends that the trial court plainly erred in imposing those conditions because they do not relate to the crimes underlying his conviction or his particular issues and needs. Defendant observes that his conviction did not involve the use of alcohol or, as we discuss later, marijuana, and there is no record that he had issues relating to those substances in the past. The state counters that the court either did not err, plainly or otherwise, or that we should not exercise our discretion to review any claimed plain error. We review the court's imposition of probation conditions for errors of law. *State v. Borders*, 293 Or App 791, 793, 429 P3d 1067 (2018).

ORS 137.540(2) provides the trial court with discretion to "impose any special conditions of probation that are reasonably related to the crime of conviction or the needs

of the probationer for the protection of the public or reformation of the probationer, or both." We have construed that statute "to require that special conditions of probation be (1) reasonably related to the crime of conviction or the needs of the defendant, *and* (2) imposed for the protection of the public or reformation of the offender or both." *Borders*, 293 Or App at 794 (emphasis in original).

In imposing the special conditions of probation, the trial court explained:

> "The reason—I know this isn't alcohol and drug-related, but what is very clear is you do suffer from a mental illness, and right now I believe to be untreated, and adding alcohol and drugs[1] to that is just *** exacerbating your mental illness, and that's the reason for that condition.

> "*****

> "You're not to use or possess any alcohol. You're not to enter into any bar, tavern or liquor store unless it's for the purposes of employment or consuming a meal. And again, the same nexus is that, again, it's very obvious that you're suffering from a mental illness that is now untreated, and the use and possession of *** alcohol is just going to further impair your judgment and exacerbate your mental illness."

As noted, defendant did not object to the imposition of these conditions at this or any other point during sentencing. Defendant did not contend, as he does now before us, that the alcohol-related restrictions are not reasonably related to defendant's needs and the protection of the public or defendant's reformation.

We recognize that we have exercised our discretion to correct plainly erroneously imposed conditions of probation. *See State v. Hullinger*, 301 Or App 746, 747, 456 P3d 383 (2020) (exercising discretion to correct plainly erroneous alcohol-related conditions of probation). However, we decline to exercise our discretion in this instance because, among other reasons, the record may have developed differently

---

[1] There is no dispute that the references to drugs at this point in the transcript referred to illegal drugs, which the trial court also restricted defendant from using or possessing as a condition of probation. That reference is not to marijuana, which was not discussed during sentencing.

had defendant raised an objection in the trial court, and that court may have addressed defendant's objections to avoid any claimed error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (discussing factors for exercising plain error review).

The trial court was concerned about the effect that alcohol would have on what the court understood to be defendant's mental illness. There is some minimal factual record that was presented at sentencing regarding defendant's mental illness, but it is not well developed. During sentencing, defendant's counsel noted that defendant had been depressed at the time of his conduct that led to the arrest and had made some seemingly bizarre statements regarding the police officers' conduct on the night of his arrest. Defendant referred to mental health treatment that he had received at some point in the past. Defendant also stipulated to mental health treatment as a condition of probation.

We do not reach the question whether that record alone would support a conclusion that the alcohol-related prohibitions were reasonably related to defendant's needs and the protection of the public or reformation of the offender. Had defendant objected, the state perhaps could have developed a more complete record regarding the relationship between restricting defendant's alcohol use to address defendant's mental health needs and the protection of the public or the reformation of defendant. The trial court also may have addressed any claimed error presented to it. Therefore, we decline to exercise our discretion to review defendant's plain error argument on the merits.

As to the third assignment of error, defendant did not have any opportunity to object to the trial court's imposition of the special condition that prohibited defendant's use or possession of marijuana or cannabis products. As noted, that condition appeared for the first time in the judgment. Thus, defendant was excused from having to object to it. *State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010). We conclude that it was error for the court to impose that condition. There is no record in the trial court to support a conclusion that the restriction on defendant's use of marijuana or cannabis products reasonably relates

to defendant's mental health condition or is imposed for the protection of the public or reformation of defendant. The issue of marijuana never arose prior to the court's judgment. As noted above, defendant acknowledged that he had been depressed at the time of the arrest and that he had sought and would seek mental health treatment, but there is nothing in the record that supports any connection between marijuana use and a past incident of feeling depressed or defendant's past or future participation in mental health treatment. Accordingly, the trial court erred when it imposed the special condition of probation restricting defendant's use of marijuana or cannabis products because that restriction was not "(1) reasonably related to the crime of conviction or the needs of the defendant, *and* (2) imposed for the protection of the public or reformation of the offender or both." *Borders*, 293 Or App at 794 (emphasis in original).

Remanded for resentencing; otherwise affirmed.