***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted September 18, remanded for resentencing, otherwise affirmed
October 11, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NORMAN JAMES GARDNER III,
*Defendant-Appellant.*

Deschutes County Circuit Court
20CR04325; A178700

Michelle A. McIver, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant pleaded guilty to felony fourth-degree assault constituting domestic violence and received a downward departure sentence to probation. On appeal, he argues that the court erred in imposing several special conditions of probation. He first argues that the trial court erred in imposing a special condition forbidding him from having contact either with the victim or members of her family. He argues that even if the provision concerning family members was reasonably related to the permissible purpose of preventing defendant from contacting the victim, it was not sufficiently narrowly tailored because it was not restricted to the victim's household members or immediate family. *See generally* ORS 137.540(2) (describing special conditions of probation). We disagree. The victim, who had been assaulted by defendant on more than one occasion, described a history of far-reaching stalking behaviors on the part of defendant that have led her and her family to take numerous steps to avoid being found by him. In those circumstances, such a condition was justified under ORS 137.540(2).

Defendant also argues that the trial court erred in imposing in the judgment conditions of probation relating to alcohol that were not announced in open court. Because those conditions appeared for the first time in the judgment, he is excused from the normal requirements to preserve the claim of error. *State v. Fryer*, 295 Or App 662, 663 n 1, 435 P3d 824 (2019). We agree that the conditions were not properly imposed because they were not announced in open court. *See, e.g.*, *State v. Keen*, 304 Or App 89, 466 P3d 95 (2020) (correcting similar error).

Remanded for resentencing; otherwise affirmed.