698 August 28, 2024 No. 624

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRENDA STITES,
*Defendant-Appellant.*

Polk County Circuit Court
21CR33662; A179050

Monte S. Campbell, Judge.

Submitted January 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Remanded for resentencing; otherwise affirmed.

**PAGÁN, J.**

In this criminal appeal, defendant challenges her judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, and unlawful possession of methamphetamine, ORS 475.894. In three assignments of error, defendant contends that the trial court erred by imposing special probation conditions that require defendant to (1) submit to random searches of her person, vehicle, property, or premises if the officer has reasonable grounds to believe evidence of a probation violation will be found, (2) report for a substance abuse evaluation and participate, "cooperate with, and successfully complete the recommended treatment * * * including any aftercare or follow-up care," and (3) submit to "random blood, breath, saliva, or urine tests" at her own expense to determine compliance with probation. Because the special conditions issued in the written judgment differed from the court's oral pronouncement of the sentence, we remand for resentencing.

Defendant was charged with DUII and unlawful possession of methamphetamine. At sentencing, the court announced that it would sentence defendant to all "the general standard terms of probation" and that conditions would apply:

"THE COURT:   All right. I will place you, on Count 1, 13 months of probation with all the general standard terms of probation will apply. * * *.

"* * * [S]ubmit to searches of your person, your household, your effects if the probation department has reason to believe here [*sic*] and violation of probation.

"* * * * *

"You'll submit to random testing of your blood, breath, or urine at the request of the probation department. Be evaluated for any drug and alcohol issues following that evaluation, you'll enroll in and successfully complete recommended treatment. * * *.

"* * * * *

"Count 2, you'll be on probation on the same exact terms and conditions."

The written judgment ordered defendant to comply with the general conditions of probation. The written judgment also ordered, as part of an "alcohol package," several special conditions, including those challenged on appeal:

"\* \* \* Defendant is subject to the following Special Conditions of Probation (ORS 137.540(2))[.] Defendant shall:

"\* \* \* \* \*

"Submit to the random search of person, vehicle, property, or premises over which I have ownership, possession or control, upon the direction of any law enforcement/supervising probation officer if the officer has reasonable grounds to believe that evidence of a violation will be found.

"\* \* \* \* \*

"Report for alcohol/substance abuse evaluation at the direction of the defendant's probation officer and, if treatment is recommended, shall enroll in, participate in, cooperate with, and successfully complete the recommended treatment of the treating organization, including any aftercare or follow-up care.

"\* \* \* \* \*

"Submit to random blood, breath, saliva, or urine tests, at the defendant's expense, at the direction of any law enforcement or supervising probation officer having reasonable grounds, to determine compliance with probation."[1]

In a combined argument, defendant contends that the trial court erred when it imposed the challenged special conditions because the conditions differed from the court's oral pronouncement of the sentence.[2]

The "[j]udgment in a criminal case must be pronounced in open court" and that judgment must include the sentence. *State v. Bonner*, 307 Or 598, 600, 771 P2d 272 (1989). That requirement is rooted in the defendant's constitutional

---

[1] Defendant did not object to the conditions. However, the special conditions in the judgment differ from the court's oral pronouncement, so defendant was not required to object to preserve her assignments of error for appellate review. *State v. Worthey*, 302 Or App 140, 143, 460 P3d 545 (2020).

[2] Defendant also argues that the trial court erred because the special conditions conflict with the general conditions of probation. However, based on our disposition on other grounds, we do not address that argument.

right to be present at sentencing. *State v. Jacobs*, 200 Or App 665, 671, 117 P3d 290 (2005). Accordingly, a trial court must state on the record, and in the defendant's presence, the terms of the defendant's sentence. *Id*. A trial court must announce special conditions of probation at sentencing, and its failure to do so requires a remand for resentencing. *See State v. Anotta*, 302 Or App 176, 177-78, 460 P3d 543 (2020) (remanding for resentencing on those grounds).

Here, having reviewed the record, we agree with defendant that the trial court erred in imposing special conditions in the written judgment that differed from the conditions announced at sentencing. While the court did announce that defendant would be required to submit to searches, the court did not announce that the searches would be random or that it would include searches of defendant's property. The court also did not announce that defendant would be required to pay for blood, breath, or urine testing. *See, e.g.*, *State v. Sankey*, 289 Or App 846, 847, 409 P3d 73 (2018) (error to impose $100 bench probation fee and $255 DUII conviction fee outside the presence of the defendant); *State v. Hurst*, 282 Or App 915, 916, 385 P3d 1285 (2016) (error to impose $200 fine that was not "announced *** in open court"). The court also announced that defendant would be required to successfully complete treatment but did not announce that it included aftercare or follow-up care. As a result, the trial court did not satisfy its obligation to announce the special conditions of probation at sentencing. Therefore, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.