Submitted October 4; portions of judgments that imposed court-appointed attorney fees in Case Nos. 16CR40902 and 13C47225 reversed, portion of judgment requiring defendant to pay $25 probation violation fee in Case No. 13C47225 vacated, remanded for resentencing in Case No. 13C47225, otherwise affirmed October 30, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSICA LYNN PICKEREL,
*Defendant-Appellant.*

Marion County Circuit Court
13C47225, 16CR40902;
A165806 (Control), A165807

453 P3d 947

J. Channing Bennett, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

PER CURIAM

Portions of judgments that imposed court-appointed attorney fees in Case Nos. 16CR40902 and 13C47225 reversed; portion of judgment requiring defendant to pay $25 probation violation fee in Case No. 13C47225 vacated; remanded for resentencing in Case No. 13C47225; otherwise affirmed.

**PER CURIAM**

This is a consolidated criminal appeal in which defendant appeals (1) a judgment of conviction for failure to perform the duties of a driver and reckless driving (Case No. 16CR40902); and (2) a probation revocation judgment (Case No. 13C47225). On appeal, defendant raises six assignments of error. We reject the first three without discussion. On the fourth and fifth assignments of error, which are unpreserved, the state concedes that the trial court plainly erred. Specifically, the state concedes that, under *State v. Pendergrapht*, the court plainly erred by imposing court-appointed attorney fees in Case No. 16CR40902 and Case No. 13C47225 when the record was silent as to defendant's ability to pay them. 251 Or App 630, 634, 284 P3d 573 (2012) ("[A] court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees."). We agree with the state and accept its concession. For reasons similar to those in *State v. Harris*, 293 Or App 110, 112, 426 P3d 252 (2018), we exercise our discretion to correct the error and reverse the portion of the judgments imposing attorney fees.

As for the sixth assignment of error, the state concedes that, under *State v. Hillman*, 293 Or App 231, 232-33, 426 P3d 249 (2018), the trial court erred when it imposed a probation violation fee without announcing that it was going to do so in open court at sentencing. We agree with the state that *Hillman* establishes that the trial court erred, and we vacate the portion of the judgment in Case No. 13C47225 imposing the $25 probation violation fee. *Former* ORS 138.222(5)(a) (2015) (requiring that the entire case be remanded if we determine that the sentencing court committed an error that requires resentencing);[1] *State v. Zamno*, 299 Or App 270, 272, 450 P3d 57 (2019) (vacating portion of judgment imposing DUII fine and remanding when court did not announce the additional fine amount in the presence of the defendant).

---

[1] ORS 138.222 was repealed in 2017 as part of a comprehensive restructuring of the laws governing criminal appeals. *See* Senate Bill (SB) 896 (2017); Or Laws 2017, ch 529, § 26. Because the judgment in this case was entered before January 1, 2018, the effective date of SB 896, the former statute applies.

Portions of judgments that imposed court-appointed attorney fees in Case Nos. 16CR40902 and 13C47225 reversed; portion of judgment requiring defendant to pay $25 probation violation fee in Case No. 13C47225 vacated; remanded for resentencing in Case No. 13C47225; otherwise affirmed.