Submitted December 20, 2019; remanded for resentencing, otherwise affirmed February 5; petition for review denied June 4, 2020 (366 Or 552)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEDIDIH ALAKA ANOTTA,
*Defendant-Appellant.*

Clatsop County Circuit Court
17CR44131; A168048

460 P3d 543

Cindee S. Matyas, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants and reckless driving. On appeal, in four assignments of error, defendant challenges special conditions of probation imposed in the judgment, which we discuss below. We reject defendant's first assignment of error without discussion.

Defendant challenges the following special probation conditions, which require that defendant:

"Not knowingly associate with any person known to use, sell or possess illegal drugs or with any other individual the Court or probation officer designates, and not visit or remain at places where illegal drugs are used, kept or sold.

"* * * [D]efendant is further prohibited from presenting any prescription to be filled without first advising the probation officer of the name of the doctor issuing the prescription, where defendant intends to have the prescription filled, and what the drug is (except in the case of medical emergency, wherein defendant shall advise the probation officer as soon as possible). * * *

"* * * * *

"Submit to breath, blood, saliva or urine testing at the direction of probation officer, court monitor, Court, evaluator, or treatment provider, and pays [*sic*] all costs."

Defendant argues that the trial court erred in imposing those special conditions, because it did not announce them in open court at sentencing.[1]

The state concedes that, with the exception of the condition that requires defendant to submit to and pay for testing, the trial court erred in imposing those terms without announcing them in open court. We agree with and accept the state's concession with respect to those probation conditions.

---

[1] Defendant also argues that the trial court erred because the special conditions are not both reasonably related to the crime and imposed for the protection of the public or reformation of the offender. *State v. Borders*, 293 Or App 791, 794, 429 P3d 1067 (2018). Based on our disposition on other grounds, we do not address that argument.

For the probation condition that requires defendant to submit to and pay for testing, the state argues that any error of the trial court in imposing that condition as a special condition is harmless, because the trial court imposed the exact same condition as a general condition of probation that defendant does not challenge on appeal. We agree with the state and reject defendant's challenge to that special condition of probation.

What remains is our disposition. Defendant argues that we should not remand for resentencing and should instead direct the court to enter a corrected judgment that omits the unlawful probation conditions. In similar cases, we have concluded that a remand for resentencing is appropriate. *See, e.g.*, *State v. Pickerel*, 300 Or App 392, 453 P3d 947 (2019) (remanding for resentencing when probation violation fee was not announced in open court); *State v. Bowden*, 292 Or App 815, 819, 425 P3d 475 (2018) (remanding for resentencing when invalid special probation conditions were imposed). *See also* ORS 138.257(4)(a)(B) ("The appellate court shall remand the case to the trial court * * * [i]f the appellate court determines that the trial court, in imposing or failing to impose a sentence in the case, committed an error that requires resentencing."). We conclude that it is also appropriate to remand in this case.

Remanded for resentencing; otherwise affirmed.