Submitted January 27, reversed and remanded September 22, 2021

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## URIEL GAONA-MANDUJANO,
*Defendant-Appellant.*

### Marion County Circuit Court
18CR67184; A171624

499 P3d 124

Defendant appeals from a judgment of conviction for two counts of harassment, ORS 166.065 (Count 1 and Count 5); fourth-degree assault constituting domestic violence, ORS 163.160 (Count 4); and recklessly endangering another person, ORS 163.195 (Count 6). Defendant raises multiple assignments of errors. He challenges the trial court's instruction to the jury that it could reach nonunanimous verdicts and the court's acceptance of the jury's nonunanimous verdict on Count 4. He contends that Count 4 must be reversed under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and that Counts 1, 5, and 6 must be reversed because the state cannot establish beyond a reasonable doubt that the error in instructing the jury that it could return nonunanimous verdicts was harmless beyond a reasonable doubt. The state concedes that defendant's conviction on Count 4 must be reversed in light of *Ramos*. Additionally, based on the Court of Appeals' recent decision in *State v. Scott*, 309 Or App 615, 483 P3d 701 (2021), the state agrees that defendant's convictions for Counts 1, 5, and 6 require reversal because defendant objected to the nonunanimous jury instruction and the state failed to have the jury polled as to those counts. The trial court imposed 36 months of supervised probation for the convictions on Counts 4 and 6, and defendant argues that the trial court erred when it imposed special probation conditions restricting his use of alcohol and another condition that prohibited him from participating in or entering any "intimate" relationships. *Held*: The Court of Appeals accepted the state's concession and reversed Count 4 in light of *Ramos*. The court also accepted the state's concession and reversed the remaining counts pursuant to *Scott*, because, after defendant objected to the nonunanimous instruction, the state's failure to request a jury poll left it unable to demonstrate that the error was harmless beyond a reasonable doubt with respect to those counts. The trial court erred when it imposed special probation conditions.

Reversed and remanded.

David E. Leith, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the answering brief for respondent. On the supplemental brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Reversed and remanded.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for two counts of harassment, ORS 166.065 (Count 1 and Count 5); fourth-degree assault constituting domestic violence, ORS 163.160 (Count 4); and recklessly endangering another person, ORS 163.195 (Count 6), having been acquitted on Counts 2 and 3. Defendant raises multiple assignments of errors. He challenges the trial court's instruction to the jury that it could reach nonunanimous verdicts and the court's acceptance of the jury's nonunanimous verdict on Count 4. The trial court imposed 36 months of supervised probation for the convictions on Counts 4 and 6, and defendant argues that the trial court erred when it imposed special probation conditions restricting his use of alcohol and another condition that prohibited him from participating in or entering any "intimate" relationships.

As for the nonunanimous-verdict challenge, defendant requested unanimous guilty-verdict instructions and, when the jury returned its verdict, that Count 4 be polled. Neither party requested for the other verdicts to be polled. In addition to defendant's contention that *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), requires reversal of Count 4, defendant asserts that Counts 1, 5, and 6 must be reversed because the state cannot establish beyond a reasonable doubt that the error in instructing the jury that it could return nonunanimous verdicts was harmless beyond a reasonable doubt. The state concedes that defendant's conviction on Count 4 must be reversed in light of *Ramos.* Additionally, based on our recent decision in *State v. Scott*, 309 Or App 615, 483 P3d 701 (2021), the state agrees that defendant's convictions for Counts 1, 5, and 6 require reversal because defendant objected to the nonunanimous jury instruction and the state failed to have the jury polled as to those counts.

We accept the state's concession as to Count 4 and reverse in light of *Ramos.* We also accept the state's concession as to the remaining counts and agree that *Scott* requires reversal because, after defendant objected to the nonunanimous instruction the state's failure to request a jury poll left it unable to demonstrate that the error was

harmless beyond a reasonable doubt with respect to those counts. Accordingly, we reverse and remand for a new trial.

As to the challenged special probation conditions, the state concedes that the trial court erred by imposing the challenged special probation conditions, because the trial court did not announce those conditions in open court in defendant's presence. The state suggests that, because its concession as to those conditions is dispositive, we need not reach the merits of defendant's arguments that the challenged special conditions were more restrictive than necessary or were otherwise invalid. Defendant does not argue that the trial court erred by not announcing the special probation conditions in open court but does argue that it excuses him from preservation requirements. Because defendant's challenges to the trial court's special conditions may arise on remand, we write to address them.

The relevant facts are undisputed. At the time of the incidents that formed the basis for the charges in this case, defendant and M were involved in a romantic relationship and lived together. M's two children and their shared son lived with defendant and M. All of the charges against defendant stemmed from domestic violence-related incidents involving M, some of which occurred in her children's presence. After one such episode, the police were called, and defendant was taken into custody. At his release hearing, the trial court inquired whether defendant's release agreement should include alcohol conditions. The prosecutor declined, noting that there was no indication in the probable cause affidavit that alcohol was involved. It should also be noted that there was no evidence presented at trial of any alcohol involvement.

In the course of sentencing, the trial court stated that it would impose the "DV package," but did not explain whether that included conditions of probation or specify what the conditions were. In its written judgment, however, the court included the following conditions of probation:

> "Do not enter into or participate in any intimate relationship or intimate encounters with any person (male or female) without prior written PO approval.

"\* \* \* \* \*

"Do not use or possess alcohol, intoxicants, inhalants or controlled substances.

"Do not enter into bars, taverns or liquor stores."

Defendant first challenges the special probation condition requiring him to obtain permission from his probation officer before engaging in "intimate" relationships or encounters, arguing that, under *Penn v. Board of Parole*, 365 Or 607, 637, 451 P3d 589 (2019), and *Tuckenberry v. Board of Parole*, 365 Or 640, 451 P3d 227 (2019), that condition impermissibly restricts his fundamental right of association and does not further his reformation or promote public safety and does not sufficiently alert him as to which relationships are subject to the condition. Second, he contends that the conditions that limit his use of "alcohol, intoxicants, inhalants or controlled substances" and prohibit him from entering alcohol-related establishments are not reasonably related to his offenses, because the record did not indicate problematic alcohol use.

The special probation conditions are reviewed for legal error. *State v. Gallo*, 275 Or App 868, 869, 365 P3d 1154 (2015). We first review the condition prohibiting defendant from entering or participating in "any intimate relationship or intimate encounters with any person (male or female) without prior written PO approval."

Defendant likens his case to *Penn* and *Tuckenberry*, where the petitioners sought relief from a parole condition that required them to obtain permission from their parole officers before entering into any "intimate" relationship or encounter. The Supreme Court explained, in the context of a statutory challenge to the condition, that

"[t]he ordinary meaning of 'intimate' is broad—essentially, to be 'marked by a very close physical, mental or social association, connection, or contact.' *Webster's* [*Third New Int'l Dictionary* 1184 (unabridged ed 2002)]. As that definition reflects, a relationship that is 'intimate' could just as easily be describing a familial one, such as between a parent and child; a close friendship; or a sexual relationship."

*Penn*, 365 Or at 637. In both cases, the court invalidated the board's imposition of the "intimate" relationships and

encounters condition, holding that the condition was overly broad and exceeded the board's statutory authority. In response to the state's argument that "intimate" clearly included relationships of a sexual nature, the court concluded that,

> "[i]n the absence of additional wording or context that establishes unambiguously that the narrower meaning—'sexual'—is intended, a person of ordinary intelligence will not know, with any degree of certainty, whether the condition extends to close social and mental relationships and other close physical relationships as well as sexual ones."

*Id*. at 637-38; *see also State v. Farris*, 312 Or App 618, 622-23, 492 P3d 744 (2021) (agreeing that "intimate" was broad but concluding that the case was distinguished from *Penn* because the probation condition included "sexual," thus offering additional wording, "that goes beyond the word 'intimate'" clarifying that "within the broad range of possible 'intimate' relationships or encounters, the condition is focusing on the 'sexual' sort.").

We agree with defendant that here, without additional wording (as was used in *Farris*), defendant would not know from the word "intimate" to which relationships the condition may apply. Accordingly, the trial court erred when it imposed the special probation condition.

Finally, we address the special probation conditions relating to defendant's use of alcohol. ORS 137.540(2) gives the trial court discretion to impose any special conditions of probation "that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." In *State v. Borders*, 293 Or App 791, 429 P3d 1067 (2018), the defendant was convicted of driving while his license was suspended. Although his license was suspended for his lifetime due to prior DUII convictions, the conviction did not involve driving while impaired by alcohol. We concluded that the record did not demonstrate that special conditions requiring him to "not use or possess alcoholic beverages" were reasonably related to his conviction or needs. *Id*. at 795. We reasoned that, although the court has discretion in imposing special conditions of probation, ORS 137.540(2) "'does not give the

courts open-ended discretion to rearrange an offender's life.'" *Id*. at 796 (quoting *State v. Donovan*, 307 Or 461, 466, 770 P2d 581 (1989)). The defendant was on probation for driving while suspended, not for DUII, and the record did not demonstrate a connection between defendant's use of alcohol and his driving while suspended. Therefore, the condition was not properly imposed under ORS 137.540(2). *Id*.

Likewise, here, the record does not demonstrate that defendant's convictions were connected to his use of alcohol; indeed, the prosecutor indicated as much at the time of his pretrial release and there was no such evidence presented at trial. It follows that the conditions would not serve to rehabilitate him or protect the public.

Reversed and remanded.