***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 5; remanded for resentencing, otherwise affirmed
September 14, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PEDRO RAMIREZ RAMIREZ,
*Defendant-Appellant.*

Washington County Circuit Court
21CR11640; A176175

D. Charles Bailey, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant pleaded guilty to one count of misdemeanor strangulation constituting domestic violence, ORS 163.187(4), and one count of felony assault in the fourth degree constituting domestic violence, ORS 163.160(3), and was sentenced to three years of probation. At a later restitution hearing, he was ordered to pay $9,018.07 in restitution, which was reflected in a supplemental judgment. In that same supplemental judgment, the court also imposed a number of special conditions of probation that were not announced in open court in defendant's presence, including requiring him to provide his financial records, complete a financial review, not incur any debt or open credit accounts without prior approval, disclose all sources of income to his supervising officer, obtain approval from his supervising officer before engaging in any financial transaction involving more than $200, and submit to a polygraph examination to determine if he was compliant with treatment and conditions of supervision.

The right to be present at sentencing has both statutory and constitutional sources. *State v. Jacobs*, 200 Or App 665, 671, 117 P3d 290 (2005). We have consistently held that a trial court's failure to announce special conditions of probation on the record in open court is error and requires remand for resentencing. *State v. Keen*, 304 Or App 89, 90, 466 P3d 95 (2020); *State v. Anotta*, 302 Or App 176, 178, 460 P3d 543, *rev den*, 366 Or 552 (2020); *State v. Pickerel*, 300 Or App 392, 393, 453 P3d 947 (2019). The state concedes that the trial court erred in imposing the additional special terms without announcing them in open court. We agree with and accept the state's concession with respect to those probation conditions.

Remanded for resentencing; otherwise affirmed.