Submitted July 1; remanded for resentencing, otherwise affirmed
October 5, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEXANDER NILES COVELL,
*Defendant-Appellant.*

Clatsop County Circuit Court
20CR36542, 21CR01970;
A175869 (Control), A175870

519 P3d 173

Defendant was convicted of several crimes and sentenced to 60 months of probation. On appeal, he challenges the sentencing court's order that he would not be eligible for earned reduction in the supervision period (also known as "earned discharge"). Defendant argues that such an order is precluded by ORS 137.633, which provides that a person in defendant's circumstances "is eligible" for earned discharge for complying with the terms of probation. The state concedes the error. *Held*: The sentencing court erred by ordering that defendant would be ineligible for earned discharge. When ORS 137.633 applies, the statute itself dictates the terms of a defendant's eligibility for earned discharge, and a sentencing court may not preemptively deny eligibility when a defendant would otherwise be eligible under the terms of the statute.

Remanded for resentencing; otherwise affirmed.

Beau V. Peterson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

AOYAGI, J.

Remanded for resentencing; otherwise affirmed.

**AOYAGI, J.**

Defendant was convicted of second-degree assault, ORS 163.175, first-degree burglary, ORS 164.225, and two counts of recklessly endangering another person, ORS 163.195, in two cases that have been consolidated for appeal. He was sentenced to 60 months of probation on each conviction, running concurrently. On appeal, defendant challenges two aspects of his sentencing. First, as to each judgment, he contends that the sentencing court contravened ORS 137.633 when it ordered that defendant would "[n]ot be eligible for earned discharge." The state concedes that the court erred in that regard. As explained below, we agree with the parties' construction of ORS 137.633 and therefore remand for resentencing. Second, as to each judgment, defendant challenges a special condition of probation that he is not to enter into "any intimate relationship" without the prior approval of his probation officer. Given the procedural posture of this case, we do not reach that issue, but rather leave it to the sentencing court to address on remand under current case law. Accordingly, we remand for resentencing in both cases.

## EARNED DISCHARGE

The first issue before us is one of statutory construction, specifically whether a court sentencing a defendant to probation is precluded from ordering that the defendant will be ineligible for earned reduction in the supervision period (also known as "earned discharge") when ORS 137.633 applies. We review issues of statutory construction for legal error. *State v. Olive*, 259 Or App 104, 107, 312 P3d 588 (2013). We seek to ascertain the enacting legislature's intent by examining the disputed provision's text and context, as well as any helpful legislative history of which we are aware. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). Text and context "must be given primary weight in the analysis," as only the text "receives the consideration and approval of a majority of the members of the legislature," and "[t]he formal requirements of lawmaking produce the best source from which to discern the legislature's intent." *Id.* at 171.

ORS 137.633 addresses eligibility for earned discharge from probation. In this case, defendant was sentenced under ORS 137.633 (2017), which has since been amended. *See* Or Laws 2021, ch 450, § 1; Or Laws 2021, ch 581, § 5. For purposes of our analysis, we construe the version of the statute that was in effect at the time of defendant's sentencing, *i.e.*, the 2017 version, and all references herein are to that version of ORS 137.633. However, because defendant will be resentenced under the amended statute, which went into effect on January 1, 2022, we note that we would reach the same conclusion, as to the specific issue before us, under the current version of the statute.[1]

ORS 137.633 (2017) provides, in relevant part:

"(1)  A person convicted of a felony or a designated drug-related misdemeanor and sentenced to probation or to the legal and physical custody of the supervisory authority under ORS 137.124(2) is eligible for a reduction in the period of probation or local control post-prison supervision for complying with terms of probation or post-prison supervision, including the payment of restitution and participation in recidivism reduction programs.

"(2)  The maximum reduction under this section may not exceed 50 percent of the period of probation or local control post-prison supervision imposed.

"(3)  A reduction under this section may not be used to shorten the period of probation or local control post-prison supervision to less than six months.

"(4)(a)  The Department of Corrections shall adopt rules to carry out the provisions of this section.

"(b)  The supervisory authority shall comply with the rules adopted under this section."

Defendant argues that, under ORS 137.633, a person convicted of a felony (as he was) and sentenced to

---

[1] The state implicitly asks us to address the current version of ORS 137.633. Although our actual holding pertains to the 2017 version of the statute, we agree with the state that the 2021 version of the statute would lead to the same conclusion. The 2021 amendments are not immaterial, so this is not a circumstance in which we can simply construe the current statute with an acknowledgment that immaterial changes have been made since defendant's sentencing. Some of the 2021 amendments would be relevant to the analysis. However, the result would be the same under either version of the statute.

probation (as he was) is eligible for earned discharge from probation as a matter of legislative policy and that the sentencing court lacked authority to override that legislative policy and preemptively order him ineligible. In defendant's view, his eligibility for earned discharge depends solely on whether he complies with the terms of probation, as provided in ORS 137.633(1), which is a determination for the Department of Corrections (DOC), given its supervisory authority over probationers under ORS 423.020(1)(g) as well as its authority to promulgate rules for earned discharge under ORS 137.633(4). Defendant made the same argument at sentencing.

The state urged the sentencing court to deny defendant eligibility for earned discharge so as to ensure that he serves the full 60 months of probation. On appeal, however, the state has changed its position. The state now agrees with defendant's construction of ORS 137.633, and it concedes that the sentencing court erred by ordering defendant ineligible for earned discharge.[2] That concession is well taken.

The text of ORS 137.633(1) is plain. The statute applies to persons who are (1) convicted of a "felony or a designated drug-related misdemeanor," and (2) sentenced "to probation or to the legal and physical custody of the supervisory authority under ORS 137.124(2)." ORS 137.633(1); *see* ORS 137.124(2) (providing that, when a defendant is convicted of a felony and sentenced to 12 months or less of incarceration, the court shall commit the defendant to the legal and physical custody of the "supervisory authority of the county in which the crime of conviction occurred" or, in certain circumstances, to the legal and physical custody of DOC). If those two conditions are met, the person "*is eligible* for a reduction in the period of probation or local control post-prison supervision for complying with terms of

---

[2] It appears that the sentencing court did not necessarily disagree with defendant's construction of ORS 137.633 but may have viewed the statute as improperly interfering with the court's sentencing authority. The state does not share that view. *See generally State ex rel Huddleston v. Sawyer,* 324 Or 597, 615, 932 P2d 1145, *cert den*, 522 US 994 (1997) (discussing the "inherent sentencing power of the courts" in relation to the role of the legislature in setting periods of imprisonment).

probation or post-prison supervision, including the payment of restitution and participation in recidivism reduction programs." ORS 137.633(1) (emphasis added).

ORS 137.633(1) does not allow room for a sentencing court to preemptively deny eligibility for earned discharge or otherwise change the terms of eligibility for earned discharge.

ORS 137.633(4) bolsters the conclusion dictated by the plain text of ORS 137.633(1). By giving DOC the authority to "adopt rules to carry out the provisions of this section," ORS 137.633(4), the legislature made even clearer that the only open issue as to eligibility for earned discharge under ORS 137.633(1) is whether the person complies with the terms of probation, which is to be determined in accordance with DOC's rules.[3] DOC has in fact promulgated such rules. *See* OAR 291-209-0010 to 291-209-0070 (2017). Those rules "describe the manner in which an offender sentenced to probation *** may receive a reduction in the period of probation *** in accordance with the provisions of ORS 137.633." OAR 291-209-0010(2) (2017); *see also* OAR 291-209-0020(6) (2017) (defining an "[o]ffender" as "[a]ny person under the supervision of local community corrections who is on probation, parole, or post-prison supervision status"). If the supervising officer determines that the offender is in compliance with his or her probation conditions and any applicable supervision case plan, then the supervising officer "shall recommend" and the supervisory authority "shall grant" earned discharge to the offender. OAR 291-209-0040(1)(a)-(b) (2017).

When the legislature intends for the sentencing court to have a role in deciding a person's eligibility for sentence reduction programs, it generally provides for that role in express terms. For example, under ORS 137.750:

"(1)   When a court sentences a defendant to a term of incarceration upon conviction of a crime, *the court shall*

---

[3] For present purposes, we limit our discussion to persons on probation. However, as previously discussed, ORS 137.633(1) also applies to persons sentenced "to the legal and physical custody of the supervisory authority under ORS 137.124(2)." The DOC rules also address such persons. *See* OAR 291-209-0010 to 291-209-0070 (2017).

*order on the record* in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, *unless the court finds on the record* in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program.

"(2)   The executing or releasing authority may consider the defendant for a program described in subsection (1) of this section *only upon order of the sentencing court appearing in the judgment.*"

(Emphases added.) *See also, e.g.*, ORS 137.751(1) (allowing a defendant sentenced to more than one year of incarceration to request an eligibility determination for release on post-prison supervision under ORS 421.508(4), and providing that, if the court makes six specific findings after holding a hearing, "[t]he court shall order in the judgment" that DOC may release the defendant on post-prison supervision under ORS 421.508(4)).

In sum, the text and context of ORS 137.633 make clear that, when ORS 137.633 applies, the statute itself dictates the terms of a defendant's eligibility for earned discharge. We agree with defendant and the state that the sentencing court contravened the terms of the statute when it ordered as part of its sentencing judgment that defendant would not be eligible for earned discharge. Under the terms of the statute, he is eligible, specifically with respect to his sentences for first-degree burglary (Case No. 20CR36542) and second-degree assault (Case No. 21CR01970), which are felonies. Accordingly, as both parties request, we remand for resentencing.

## INTIMATE-RELATIONSHIPS CONDITION

Defendant also challenges a special condition of probation that he "[n]ot enter into any intimate relationship without the prior approval of [his] probation officer." He makes three separate arguments against the condition, including that it is invalid under *Penn v. Board of Parole*,

365 Or 607, 451 P3d 589 (2019), and *Tuckenberry v. Board of Parole*, 365 Or 640, 451 P3d 227 (2019), which involved a similar post-prison supervision condition that was held to be overbroad.

Defendant did not object to the intimate-relationships condition during sentencing, so his claim of error is unpreserved. That necessarily limits our review to plain error.[4] The state has suggested that it would be best to let the sentencing court decide the issue in the first instance—given that we are already remanding for resentencing—and defendant has not opposed that suggestion. We also note that while this appeal has been pending, a new decision issued that follows *Penn* and *Tuckenberry*, but specifically involves a probation condition, and which neither party has briefed. *See State v. Gaona-Mandujano*, 314 Or App 654, 499 P3d 124 (2021) (holding a special probation condition regarding intimate relationships to be overbroad). Under the circumstances, we are persuaded that the best course is to allow the sentencing court to reconsider the intimate-relationships condition at resentencing, under current case law and with the benefit of the parties' arguments.

Remanded for resentencing; otherwise affirmed.

---

[4] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to consider a "plain error." ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is an issue of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006). If the trial court made a "plain error," it is a matter of discretion whether we will correct it. *Id.*