776 April 10, 2024 No. 219

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS P. ACOSTA,
*Defendant-Appellant.*

Lincoln County Circuit Court
22CR15815; A178919

Joseph C. Allison, Judge pro tempore.

Submitted March 8, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

Defendant was convicted of driving under the influence of intoxicants (DUII), menacing, and second-degree disorderly conduct, and the court sentenced defendant to probation on the DUII and menacing counts. In the written judgment, the court included what were labeled "general conditions of probation (ORS 137.540)" on those two counts, including the following condition:

> "VIOLATE NO LAW. The defendant is to report to the court IN WRITING every citation or arrest on any new crime or major traffic offense within 10 days after citation or arrest."

(Uppercase in original.)

On appeal, defendant assigns error to the court's imposition of that condition on the DUII and menacing counts. Defendant contends that (1) the condition is not, in fact, one of the general conditions set forth in ORS 137.540 but a special condition; and (2) the record does not support a conclusion that the "in writing" condition is reasonably related to defendant's crimes and necessary to protect the public or reformation of defendant, as ORS 137.540(2) requires for special conditions. Defendant points out that the court also failed to announce the condition in open court as required by law, but he relies on that error to excuse preservation and asks this court to opine on the merits of his arguments as to whether the condition is valid. In support of that approach, defendant cites our decision in *State v. Gaona-Mandujano*, 314 Or App 654, 657, 499 P3d 124 (2021), a case in which we wrote to address the validity of special conditions of probation that had not been announced in open court because they "may arise on remand."

The state concedes that the case should be remanded for resentencing, but only because the special condition was not announced in open court. *See State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court. *** [A] trial court commits reversible error if it does not do so, and the result is usually a resentencing."). According to the state, rather than reach

the questions that defendant poses about the sufficiency of the record to support the special condition, the proper remedy in this circumstance is to remand for resentencing as we have routinely done in this posture. *See State v. Keen*, 304 Or App 89, 90, 466 P3d 95 (2020) ("On remand, the parties may raise, and the court may address, whether and how the condition is one that is reasonably related to defendant's offenses of conviction."); *see also State v. Anotta*, 302 Or App 176, 177 & n 1, 460 P3d 543, *rev den*, 366 Or 552 (2020) (remanding for resentencing when special probation conditions were not announced in open court; declining, based on that disposition, to address defendant's arguments that "the trial court erred because the special conditions are not both reasonably related to the crime and imposed for the protection of the public or reformation of the offender").

We agree with the state, accept its concession of error based on the failure to announce the special condition in open court, and remand the case for resentencing without reaching the merits of defendant's challenges to the validity of the condition as to either count. In *Gaona-Mandujano*, the issues raised on appeal were likely to arise in the same posture on remand, so we elected to address them. The same cannot be said here, where we cannot determine what factual inferences the trial court may have drawn on this record (which includes evidence of defendant's criminal history, "aggression issues," and "confrontational experiences" from in-person communications), what the trial court understood to be the relationship between the offenses and the conditions, or why the trial court considered the conditions to be necessary to protect the public or for defendant's reformation. We therefore remand for resentencing, at which point the parties and the trial court will have an opportunity to address those issues in the first instance.

Remanded for resentencing; otherwise affirmed.