No. 699 October 2, 2024 333

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUCINDA YVONNE WAYCASTER,
*Defendant-Appellant.*

Lake County Circuit Court
21CR36283, 22CR02806; A179051 (Control), A179052

David M. Vandenberg, Judge.

Submitted July 16, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Appeals dismissed as moot.

**POWERS, J.**

In this consolidated appeal, defendant appeals from two judgments imposing special conditions of probation. Defendant argues that the trial court erred when it imposed those special conditions in the judgments because they had not been announced in her presence. The state argues that the appeal is moot, because the special conditions have since been reimposed in defendant's presence when her probation terms were extended. We agree with the state's argument and dismiss the appeals as moot.

Because the parties are familiar with the undisputed procedural facts, we do not provide an extended recitation for this nonprecedential memorandum opinion. Defendant assigns error to the trial court's imposition of five special conditions of probation in Case Nos. 22CR02806 and 21CR36283. In both cases, the disposition was the result of a negotiated plea deal. In Case No. 22CR02806, defendant was charged with first-degree failure to appear. She pleaded guilty to that charge. Defendant and the state agreed that she would enter drug court, and that, if defendant successfully completed that program, the conviction— which would be held in abeyance initially—would be dismissed. If she was not successful, however, the judgment of conviction would be entered, and she would be sentenced. The requirements for the deferral were 24 months' probation, during which defendant would be required to follow all of the standard conditions of probation, to abide by the "drug treatment conditions of probation, including the intensive supervision/treatment court requirements," and to serve 20 days in jail. In Case No. 21CR36283, defendant was charged with reckless driving and fleeing or attempting to elude a police officer. She pleaded guilty to reckless driving, and the attempting to elude charge was dismissed. The disposition was the same as in Case No. 22CR02806, with the addition that there would also be a 90-day license suspension if a judgment of conviction on that charge was entered. After initially imposing the conditions without announcing them at the original sentencing, the trial court orally described the conditions before it entered the supplemental judgments.

On appeal, defendant's assignments of error concern the manner in which the court imposed the special conditions of probation. Specifically, she argues that referring to packages of special conditions, such as the "drug treatment conditions of probation, including the intensive supervision/ treatment court requirements," does not satisfy the requirement that the conditions that are spelled out in the judgment be announced in defendant's presence. Defendant argues that, because the full terms of the conditions appeared for the first time in the judgments, the preservation requirement is excused. Finally, defendant contends that the remedy for the error is to reverse and remand for resentencing.

The state remonstrates that defendant's assignments of error are moot, arguing that, based on probation violations for engaging in new criminal activity, defendant "agreed to the extension of probation on the same terms," and that, at that probation-violation hearing, the court "orally described the conditions not mentioned at the original sentencing."[1] The state further argues that, as a result of defendant agreeing to the terms of the extended probation, defendant's obligations no longer stem from the original judgments before us in this appeal. Defendant replies that she did not agree to the terms and that the claims of error are not moot because we can still reverse and remand for resentencing.

It is well settled that when changed circumstances render an appeal moot, it will be dismissed. *See, e.g.*, *State v. Hemenway*, 353 Or 498, 501, 302 P3d 413 (2013); *Brownstone Homes Condo. Assn. v. Brownstone Forest Hts.*, 358 Or 26, 30, 361 P3d 1 (2015). Under ORAP 7.05(1)(c), whether an appeal has become moot may be raised at any time during the appellate process.

We need not address whether defendant agreed to the terms of the extended probation. The claims of error are moot because all the relief to which defendant would be entitled if she prevails has already occurred. That is, the remedy for a sentencing court failing to announce in the

---

[1] The state also notes that the trial court removed one of the conditions that defendant has assigned as error, which is an additional basis on which the challenge to that condition is moot.

defendant's presence a provision of the sentence that appears in the judgment is for the defendant to be resentenced such that the defendant can be present for the pronouncement of all the terms of the sentence. *See, e.g.*, *State v. Anotta*, 302 Or App 176, 178, 460 P3d 543, *rev den*, 366 Or 552 (2020) (remanding for resentencing when probation conditions not announced in open court); *State v. Pickerel*, 300 Or App 392, 393, 453 P3d 947 (2019) (remanding for resentencing when probation violation fee was not announced in open court); *State v. Bowden*, 292 Or App 815, 819, 425 P3d 475 (2018) (remanding for resentencing when invalid special probation conditions were imposed). That has already occurred in this case. As the state's argument explains, the operative judgments are now the ones extending defendant's probation on the same terms. The court pronounced the terms of those sentences in defendant's presence. Further, defendant has not argued that there are any collateral consequences connected with the original challenged terms.

Because the remedy that defendant would be entitled to in this case has already occurred, the appeals in Case Nos. 22CR02806 and 21CR36283 are moot.

Appeals dismissed as moot.