422 January 8, 2025 No. 39

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER WADE WEINGART,
*Defendant-Appellant.*

Washington County Circuit Court
22CR25234; A181632

Eric Butterfield, Judge.

Submitted November 20, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted of misdemeanor driving under the influence of intoxicants, ORS 813.010, and reckless driving, ORS 811.140, and sentenced to probation on both counts. At sentencing, the court announced that defendant would be subject to "a drug package, an alcohol package" as conditions of probation, and it identified some specific conditions in open court (abstaining from the use or possession of illegal controlled substances, alcohol, and marijuana; getting an evaluation and complying with recommended treatment; and attending a victim impact panel). The court then entered a judgment that included a number of special conditions of probation that had not been announced, including that defendant submit to a polygraph examination at the request of a supervising officer and that defendant not knowingly associate with persons who use or possess controlled substances illegally.

On appeal, in three assignments of error, defendant challenges the special conditions that appeared for the first time in the judgment. He argues that the court erred by imposing conditions in the judgment that it did not announce at sentencing, that the court also erred in imposing the polygraph condition because he was not convicted of a sexual offense, and that the court also erred in imposing the association condition because it is overbroad and unconstitutionally vague.

The state concedes that the court erred in failing to announce at sentencing all of the conditions included in the judgment and that the case should be remanded for resentencing on that basis. *See State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." (Internal citations omitted.)). We agree and remand on that basis. As for defendant's second and third assignments of error, we decline to address those issues, instead leaving it to the trial court to consider in the first instance defendant's arguments regarding those conditions. *See State v. Anotta*, 302 Or App

176, 177 & n 1, 460 P3d 543, *rev den*, 366 Or 552 (2020) (similar disposition).

Remanded for resentencing; otherwise affirmed.