812 February 12, 2025 No. 101

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY FERRIS COOPER,
*Defendant-Appellant.*

Washington County Circuit Court
22CR49031; A181200

Eric Butterfield, Judge.

Submitted December 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant. Jeffrey F. Cooper filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant appeals a judgment convicting him of second-degree theft, ORS 164.045, and harassment, ORS 166.065. Defendant raises three assignments of error, one through counsel and two *pro se*. In the counseled assignment of error, defendant contends that the trial court erred in imposing a probation condition, because it was not announced in open court. In his two *pro se* assignments of error, defendant contends (1) that the trial court erred in denying his motion for judgment of acquittal (MJOA), and (2) that the trial court erred in excluding his character witnesses. We remand for resentencing, because the trial court did not announce the challenged condition in open court and otherwise affirm.

"In reviewing the trial court's denial of an MJOA, we view the facts in the light most favorable to the state, drawing all reasonable inferences in the state's favor." *State v. Leake*, 325 Or App 1, 3, 527 P3d 1054, *rev den*, 371 Or 476 (2023). Defendant, a taxicab driver, agreed to drive P to a medical appointment and back to her assisted living facility for $80. After defendant drove P to her appointment, she paid defendant $40. Upon returning to the assisted living facility, defendant and P disagreed about the money owed. Defendant "snatched" all of the money from P's hand—about $150—and made contact with her hand while doing so. P told defendant that he took more money than he was owed and asked defendant to return the money. Defendant refused, "screamed," and cursed at P. And according to the office manager at the facility, defendant "reared back his fist" as if to strike P. The manager intervened and told defendant to leave the property. Defendant got in his car and "started backing into [P]," nearly hitting her with the car door, before leaving.

For that conduct, defendant was found guilty of theft in the second-degree and harassment. In its written judgment, the trial court imposed the following special condition: "The defendant shall waive all client/psychotherapist privilege and shall sign any release or authorizations necessary to ensure the court, parties, supervising

officers, and treatment providers can share information and documentation."

In his first counseled assignment of error, defendant contends (and the state correctly concedes) that the trial court erred in imposing that special condition because it was not announced in open court. "We review a sentencing court's imposition of a probation condition for legal error." *State v. Priester*, 325 Or App 574, 586, 530 P3d 118, *rev den*, 371 Or 332 (2023). At sentencing, the trial court commented that a condition "might involve mental health treatment and medication." That reference to mental health treatment did not apprise defendant of the challenged condition; therefore, the trial court erred. *See id.* at 581 (explaining that a "criminal defendant has the right to have their sentence announced in open court," and that the failure to do so is legal error).

As noted, the state concedes the error; the only dispute is the remedy. Defendant requests that we simply strike the challenged condition, while the state argues that we remand for resentencing. "In similar cases," where a trial court erred in imposing invalid special conditions, "we have concluded that a remand for resentencing is appropriate." *State v. Anotta*, 302 Or App 176, 178, 460 P3d 543, *rev den*, 366 Or 552 (2020)*; see also* ORS 138.257(4)(a)(B) ("The appellate court shall remand the case to the trial court * * * [i]f the appellate court determines that the trial court, in imposing or failing to impose a sentence in the case, committed an error that requires resentencing."). Accordingly, we agree with the state and remand to the sentencing court.

In his first *pro se* assignment of error, as best we understand, defendant argues that the trial court erred in denying his MJOA on the theft in the second-degree and harassment charges. We consider "whether any rational trier of fact, accepting reasonable inferences and making reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt." *State v. Lupoli*, 348 Or 346, 366, 234 P3d 117 (2010).

We conclude that the trial court did not err, because the state presented evidence from which a factfinder could

reasonably infer that defendant was guilty of both second-degree theft and harassment. That evidence included witness testimony establishing that defendant snatched money from P, despite P's protests; defendant made contact with P's hand; and he screamed and cursed at P before driving away with the money. That evidence is sufficient to prove theft in the second-degree and harassment. *See* ORS 164.045(1)(b) (a person commits second-degree theft "when, with intent to deprive another of property or to appropriate property to the person or to a third person, the person * * * [t]akes, appropriates, obtains or withholds such property from an owner thereof," ORS 164.015(1), and "[t]he total value of the property in a single or aggregate transaction is $100 or more and less than $1000"); *see also* ORS 166.065(1)(a) ("A person commits the crime of harassment if the person intentionally" "[h]arasses or annoys another person by" "[s]ubjecting such other person to offensive physical contact[.]").

In his final *pro se* assignment of error, defendant contends that the trial court erred in excluding his character witnesses from testifying pursuant to OEC 404(2)(a), which provides that evidence of a person's character is admissible "for the purpose of proving that the person acted in conformity therewith on a particular occasion," when it is evidence "of a pertinent trait of character offered by an accused[.]" "The admissibility of evidence under OEC 404(2)(a) is a question of law." *State v. Etzel*, 310 Or App 761, 765, 488 P3d 783 (2021). During trial, defendant, who represented himself, provided the names of the character witnesses he wanted to testify. When the trial court asked the relevancy for that testimony, defendant provided that it was to prove that that he was "an honest man" and "never cheated anyone." The trial court determined that because defendant did not identify "any specific relevant and admissible purpose" for the testimony, the character witnesses were not permitted to testify.

We conclude that the trial court did not err. That is because the factual basis for the charges was that defendant took money from P and made contact with P's hand while doing so; defendant did not dispute that conduct at trial. On appeal, defendant does not identify how his reputation for

honesty is pertinent to those issues. *See State v. Guritz*, 134 Or App 262, 267, 894 P2d 1235, *rev den*, 321 Or 560 (1995) (noting that a "defendant may only introduce evidence of a 'pertinent trait' of character, and whether a trait is pertinent depends on the nature of the crime charged"). Therefore, the trial court did not err.

Remanded for resentencing; otherwise affirmed.