No. 944 October 29, 2025 575

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TANNER ROY TURNER,
*Defendant-Appellant.*

Yamhill County Circuit Court
22CR05640; A185335

Ladd J. Wiles, Judge.

Submitted September 12, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Remanded for resentencing; otherwise affirmed.

## LAGESEN, C. J.

Defendant pleaded guilty to one count of mail theft or receipt of stolen mail, ORS 164.162. The trial court sentenced defendant to three years of probation. The judgment provides that defendant shall pay any required per diem fees and imposes special conditions of probation. Defendant challenges the requirement that he pay per diem fees and several of the special conditions of probation on the ground that they were not announced in open court at sentencing. The state concedes that the trial court erred in imposing the requirement that defendant pay per diem fees without announcing that requirement in open court and argues that, on remand for resentencing, the trial court can also address any issues with the special conditions of probation.

We agree with and accept the state's concession. We remand for resentencing and otherwise affirm.[1]

"A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted). Here, the trial court erred in imposing the requirement to pay a per diem fee in the judgment because it was not announced at sentencing, and the appropriate remedy is a remand for resentencing. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement to pay per diem fees was not announced in open court at sentencing); *see also State v. Anotta*, 302 Or App 176, 460 P3d 543, *rev den*, 366 Or 552 (2020) (concluding that remand for resentencing is the appropriate remedy when a trial court errs by imposing a special condition of probation without announcing it in open court at sentencing); *see also generally State v. Johnston*, 176 Or App 418, 428, 31 P3d 1101, 1106 (2001) (construing ORS 169.151 in the context of conditions of probation).

Remanded for resentencing; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.