No. 545 June 10, 2026 585

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES ANDREW HOWARD,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR42647; A185724

Ulanda L. Watkins, Judge.

Submitted May 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kasey Anne Hooker, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for harassment, ORS 166.065. In a single assignment of error, defendant argues that the trial court lacked the authority to impose a special condition of probation that required defendant to undergo a substance abuse evaluation, because that condition was not reasonably related to the crime of conviction or defendant's rehabilitation. We affirm.

We "review a sentencing court's imposition of a probation condition for legal error." *State v. Priester*, 325 Or App 574, 585, 530 P3d 118, *rev den*, 371 Or 332 (2023).

A trial court may impose special conditions of probation that are "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both[.]" ORS 137.540(2). Under that statute, a special condition of probation is valid when it is "(1) reasonably related to the crime of conviction or the needs of the defendant, *and* (2) imposed for the protection of the public or reformation of the offender or both." *State v. Borders*, 293 Or App 791, 794, 429 P3d 1067 (2018) (emphasis in original). Under the first part of the test, a trial court lacks authority to impose special conditions of probation that have no "connection" to the defendant's conduct. *See, e.g.*, *State v. Gaona-Mandujano*, 314 Or App 654, 659-60, 499 P3d 124 (2021) (invalidating a special condition that prohibited alcohol use when there was no connection in the record between alcohol and the criminal conduct).

A special probation condition may require "a convicted offender to abstain from types of conduct shown to have played a role in his past offenses or to take affirmative steps toward developing better patterns of behavior." *State v. Donovan*, 307 Or 461, 466, 770 P2d 581 (1989). However, a trial court does not have "open-ended discretion to rearrange an offender's life." *Id.*; *see also State v. Donahue*, 243 Or App 520, 526, 259 P3d 981 (2011) (recognizing that special probation conditions cannot be more restrictive than necessary to achieve the goals of probation). Overall, the factual record must support the trial court's imposition of any special conditions of probation. *State v. Mack*, 156 Or App 423, 428, 967 P2d 516 (1998).

Here, the trial court rejected the state's request to impose a "substance abuse package" as a special condition of probation. Instead, the trial court imposed a special condition requiring a substance abuse evaluation to "determine whether or not [defendant] needs treatment." On that issue, the record contains the testimony of a witness, B, that during the events that led to the harassment conviction, defendant smelled of alcohol. Although the trial court recognized that B had a "totally different" version of events from the other witnesses, the trial court did not entirely discount B's testimony as defendant argues. There was thus factual evidence in the record from which the trial court could conclude that alcohol played a role in defendant's criminal conduct.

A special condition of probation that requires defendant to undergo a substance abuse evaluation to determine if treatment is necessary is thus reasonably related to his crime of conviction and serves both to protect the public and to support defendant's rehabilitation. The limited condition is also minimally restrictive and does not "rearrange" defendant's life. The cases that defendant cites, *Borders*, 293 Or App 791 and *State v. Qualey*, 138 Or App 74, 906 P2d 835 (1995), do not compel a different result, because both of those cases were missing factual proof of a connection between the special probation condition and the defendant's crime of conviction.

Affirmed.