Submitted April 2; remanded for resentencing; otherwise affirmed May 6, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SUSAN LYNN KEEN,
*Defendant-Appellant.*

Coos County Circuit Court
18CR38858; A168836

466 P3d 95

Martin E. Stone, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for reckless driving, ORS 811.140, and resisting arrest, ORS 162.315. On appeal, she argues that the trial court plainly erred in failing to acquit her on the resisting arrest charge. We reject that argument without discussion. Defendant also contends that the court erred in imposing a condition of probation requiring her to report changes of address to the Department of Motor Vehicles within 10 days, which the court imposed in connection with each count of conviction. That condition was not announced in open court during sentencing but later appeared in the judgment. Defendant contends that it is not reasonably related to the offense. The state responds that we need not address that contention because the court's failure to announce the condition in open court entitles defendant to relief regardless.

We agree that the condition was not properly imposed because it was not announced in open court. Defendant contends that the proper remedy here is to excise the condition. The state responds that the remedy is to remand for resentencing. In similar cases, we have concluded that a remand for resentencing is appropriate. *See, e.g.*, *State v. Anotta*, 302 Or App 176, 460 P3d 543 (2020) (remanding for resentencing when special probation conditions were not announced in open court); *State v. Bowden*, 292 Or App 815, 818-19, 425 P3d 475 (2018) (remanding for resentencing where invalid condition of probation was imposed). On remand, the parties may raise, and the court may address, whether and how the condition is one that is reasonably related to defendant's offenses of conviction.

Remanded for resentencing; otherwise affirmed.