Submitted October 19, 2020; remanded for resentencing, otherwise affirmed August 4; petition for review denied December 9, 2021 (369 Or 69)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GLORIA MAE REED-HACK,
*Defendant-Appellant.*

Coos County Circuit Court
18CR55736; A169946

495 P3d 196

Martin E. Stone, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted of first-degree arson, ORS 164.325 (Count 1), first-degree criminal mischief, ORS 164.365 (Count 2), and second-degree criminal mischief, ORS 164.354 (Count 3). She appeals the judgment of conviction, raising four assignments of error. We reject her first assignment without discussion. In her second assignment, she asserts that the trial court plainly erred when it instructed the jury that it could find defendant guilty by a nonunanimous verdict. Defendant did not object to the nonunanimous verdict instruction, and neither party asked for the jury to be polled when it returned its verdicts; the record lacks any indication of whether the jury's verdicts were unanimous. Defendant asks us to review the error as structural error or as plain error. Although the nonunanimous jury instruction violated the Sixth Amendment, *Ramos v. Louisiana*, 590 US ___, ___, 140 S Ct 1390, 1396, 206 L Ed 2d 583 (2020), defendant's arguments are foreclosed by *State v. Dilallo*, 367 Or 340, 478 P3d 509 (2020), and we, therefore, reject her second assignment of error.

In defendant's third assignment of error, she asserts that the trial court erred when it imposed a special condition of probation on Count 1, requiring her to submit to a polygraph examination at the discretion of the probation officer. In her fourth assignment of error, she asserts that the trial court erred when it imposed a special condition of probation on Count 2, ordering her to comply with the probation conditions imposed on Count 1. Defendant makes two arguments in support of her third and fourth assignments.[1] She contends that the trial court erred because it did not announce the special condition of probation in open court during sentencing, and because the special condition "was not reasonably related to defendant's crimes of conviction, the protection of the public, or defendant's rehabilitation." The state concedes that it was error for the trial court to impose in the judgment the special condition of probation

---

[1] The state notes that defendant makes no separate argument with respect to her fourth assignment of error and the state interprets defendant's claim to be that the special condition imposed for Count 2 effectively incorporated by reference the special condition for Count 1 that she submit to a polygraph examination. We proceed with that same understanding.

on Counts 1 and 2—that defendant submit to a polygraph examination as determined by the probation officer— without announcing that condition in open court. We agree with and accept the state's concession, and we remand for resentencing. *See State v. Keen*, 304 Or App 89, 466 P3d 95 (2020) (remanding for resentencing when probation condition was not announced in open court). We need not reach defendant's second argument, because it may be raised on remand for the trial court to consider in the first instance. *See id.* at 90 (parties may raise, and court may address on remand, whether and how condition is reasonably related to offenses of conviction).

Remanded for resentencing; otherwise affirmed.