Submitted February 28; remanded for resentencing, otherwise affirmed
March 23, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN ALAN EWING,
*Defendant-Appellant.*

Lane County Circuit Court
20CR19389; A174164

507 P3d 353

Kamala H. Shugar, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for menacing, ORS 163.190, interfering with a peace officer, ORS 162.247, and second-degree disorderly conduct, ORS 166.025, raising a single assignment of error related to sentencing. At defendant's sentencing hearing, the court imposed the probation condition that defendant "report to the Court in writing within five days of any change of your address and any new arrests or citation for a major traffic offense." However, in the judgment, on each count, the court ordered as a "general condition[]" of probation that defendant notify "the Court, District Attorney, and defendant's attorney, in writing, within 5 days of any change in residence, employment, or name. Mail correspondence to: Lane County Circuit Court, 125 East 8th Avenue, Eugene, Oregon, 97401, and include the case number."

On appeal, defendant argues that the trial court erred in imposing the reporting probation condition in the judgment because it was not orally announced in court. That is so, according to defendant, because the reporting condition that the court imposed in the judgment varied from the reporting condition it imposed in open court. The state disagrees, arguing that the challenged condition was imposed in defendant's presence because the reporting condition that appeared in the judgment was sufficiently similar to the one the court imposed at defendant's sentencing hearing.

An extended discussion of this case would not benefit the bench, the bar, or the public. Suffice it to say, we conclude that the probation condition was not properly imposed. *See State v. Keen*, 304 Or App 89, 90, 466 P3d 95 (2020) ("We agree that the [probation] condition was not properly imposed because it was not announced in open court.").[1] Therefore, the trial court erred in imposing the challenged condition and we remand for resentencing. *See id*.

Remanded for resentencing; otherwise affirmed.

---

[1] We reject without written discussion the state's alternative argument that the trial court's statement at the hearing that it was following the parties' negotiations, viewed in light of the record, sufficiently communicated that it was imposing the challenged probation condition.