248                    April 24, 2024                    No. 267

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEBORAH LYNN MARTINA,
*Defendant-Appellant.*

Lane County Circuit Court
22CR13742; A180388

R. Curtis Conover, Judge.

Submitted March 8, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, C. J., and Egan, J.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Following a jury trial, defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010(4). On appeal, defendant challenges the trial court's imposition of a special condition of probation that was included in the judgment but not announced in open court. The state concedes the error. We agree with and accept the state's concession. We remand for resentencing and otherwise affirm.[1]

"We review sentencing decisions for legal error." *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*, 363 Or 744 (2018). "A criminal defendant has the right to have their sentence announced in open court." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023). A trial court commits reversible error if it does not do so, and the result is usually a resentencing. *State v. Bates*, 315 Or App 402, 404, 500 P3d 746 (2021).

Here, the judgment of conviction contains a special condition of probation requiring that defendant must not be "in any place where the principal purpose is the sale or serving of alcohol." The trial court erred by imposing that special condition of probation because it was not announced in open court at the sentencing hearing. *Priester*, 325 Or App at 581. Therefore, we remand for resentencing.

Defendant also argues that that special condition of probation is not reasonably related to her crime because she was charged with, and convicted of, a controlled substance DUII. However, because we remand for resentencing, we need not reach that argument. *See State v. Reed-Hack*, 313 Or App 728, 729-30, 495 P3d 196, *rev den*, 369 Or 69 (2021) (declining to reach the defendant's argument that a condition of probation was not reasonably related to her crimes of conviction because "it may be raised on remand for the trial court to consider in the first instance").

Remanded for resentencing; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.