No. 444   June 26, 2024   501

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FLOYD HEWITT, JR.,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR13786; A181327

Shelley D. Russell, Judge.

Submitted May 13, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Following a court trial, defendant was convicted of the misdemeanor offense of harassment, ORS 166.065. The trial court sentenced him to bench probation for a period of 12 months. On appeal, defendant challenges a condition of probation relating to a mental health evaluation, treatment, and requiring him to take prescribed medications. The state concedes that it was error to impose the condition without announcing it at sentencing. We agree with and accept the state's concession. We remand for resentencing and otherwise affirm.[1]

"We review sentencing decisions for legal error." *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*, 363 Or 744 (2018). "A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted). When a probation condition in the judgment is not sufficiently similar to the one imposed at sentencing, the appropriate disposition may be a remand for resentencing. *State v. Ewing*, 318 Or App 548, 549, 507 P3d 353 (2022).

Here, the judgment of conviction contains a "general" condition of probation requiring defendant to "[p]articipate in a mental health evaluation, and enter and successfully complete any course of treatment, including prescribed medications, determined to be necessary and as designated by the evaluator or the probation officer." The trial court erred by imposing that condition because it is materially different from the one announced at sentencing, which made no mention of prescribed medications or the probation officer's authority to designate them. Therefore, we remand for resentencing.

Defendant makes two other arguments on appeal relating to that condition of probation. Because we remand for resentencing, we need not reach those arguments, which can be addressed, if necessary, by the trial court in the first

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

instance. *See State v. Reed-Hack*, 313 Or App 728, 729-30, 495 P3d 196, *rev den*, 369 Or 69 (2021) (declining to reach the defendant's argument that a condition of probation was not reasonably related to her crimes of conviction because "it may be raised on remand for the trial court to consider in the first instance"); *see also State v. Keen*, 304 Or App 89, 90, 466 P3d 95 (2020) (noting that, on remand, the parties may raise, and the court may address, whether and how a condition that was not announced in open court is reasonably related to the defendant's offenses).

Remanded for resentencing; otherwise affirmed.