606 August 13, 2025 No. 731

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY STEVEN CARLAN,
*Defendant-Appellant.*

Lane County Circuit Court
23CR15520; A181846

Charles M. Zennache, Judge.

Submitted April 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

HELLMAN, J.

Remanded for resentencing; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for numerous offenses, including fourth-degree assault constituting domestic violence, ORS 163.160(2). In two assignments of error, he argues that the trial court erred when it excluded testimony about drug paraphernalia in the victim's home and that the court plainly erred when it imposed a special probation condition in the general judgment that it had not announced in open court. Although we conclude that the trial court did not err in excluding the testimony, we accept the state's concession that the court plainly erred by imposing the special probation condition. Accordingly, we remand for resentencing and otherwise affirm.

*OEC 403.* In his first assignment of error, defendant argues that the trial court erred when it excluded testimony about "signs of drug use" in the victim's home under OEC 403.[1]

As relevant here, the state charged defendant with four offenses against the victim and specifically alleged that defendant "did unlawfully and recklessly cause physical injury to [her]." Before trial, the state filed a motion *in limine* to exclude "any reference to [the victim's] previous drug use *** as inadmissible prior bad acts." The state argued that "[c]haracter evidence is not an issue as either an element of the crime or an element of the defense." The trial court took the matter under advisement.

At trial, the victim testified that, after she asked defendant to remove his items from her home, he kicked in her front door and put her in a headlock, making it "hard to breathe." The victim further testified that her children did not live with her "at the time. They stay on the weekends, but because of [defendant] and other stuff, *** we chose that it wasn't a safe place for them." During defendant's case-in-chief, the following exchange occurred:

---

[1] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

"[DEFENSE COUNSEL]: Okay. I think there was some testimony about you and your friends being part of the reason that her children—or her child ended up staying somewhere else. Is that how you recall things?

"[DEFENDANT]: Absolutely not, no.

"* * * * *

"[DEFENSE COUNSEL]: So did they ever end up going to live somewhere else?

"[DEFENDANT]: They did.

"* * * * *

"[DEFENSE COUNSEL]: Well, do you think that that was a good idea, that they went to stay somewhere else?

"[DEFENDANT]: I couldn't even believe that she'd have children living in there at all.

"[DEFENSE COUNSEL]: Okay. In your time visiting that house, did you see any evidence of drug use?

"[DEFENDANT]: All over the place."

"[THE STATE]: Objection, your honor. Relevance."

Outside the jury's presence, defendant argued that his testimony tended to explain the victim's injuries:

"The state asked in direct examination whether or not the injuries looked consistent with drug use, intimating that it was not drug use related as far as the injuries were concerned. We were intending to put on evidence that [defendant] did observe what he believed to be drug use by [the victim]. That he—that that could be one possible explanation for a range of things."

After an exchange with the trial court, defendant stated that he would "withdraw the question."

After a recess, defendant offered a different theory of relevance, arguing that "part of the reason for offering the question of if there was paraphernalia in the house was a question of why the children might have gone to live somewhere else." The trial court considered the parties' arguments and excluded the testimony under OEC 403. After the jury and the trial court found defendant guilty of several offenses, this appeal followed.

We review "[a] trial court's exclusion of evidence under OEC 403 * * * for abuse of discretion." *State v. Naudain*, 368 Or 140, 152, 487 P3d 32 (2021).

In excluding the evidence, the trial court applied the OEC 403 balancing test provided in *State v. Mayfield,* 302 Or 631, 645, 733 P2d 438 (1987).

"First, the trial judge should assess the * * * probative value of the evidence and consider the weight or strength of the evidence. In the second step the trial judge must determine how prejudicial the evidence is, to what extent the evidence may distract the jury from the central question whether the defendant committed the charged crime. The third step is the judicial process of balancing the prosecution's need for the evidence against the countervailing prejudicial danger of unfair prejudice, and the fourth step is for the judge to make his or her ruling to admit all the proponent's evidence, to exclude all the proponent's evidence or to admit only part of the evidence."

*Id.* at 645.

To begin, the trial court determined that the testimony's probative value was low because it "sound[ed] like" "impeachment on a collateral matter," reasoning:

"How is that relevant? I mean, I, frankly, didn't even remember her saying that, but let's assume she did. How does that matter? I mean, he's not charged with driving the children off or doing anything to the children. It's got nothing to do with anything.

"* * * * *

"[T]here's a couple of domestic violence charges, and interfering with a phone call, and destroying property. That's what he's charged with."

The trial court then determined that "the prejudicial value and the chance of confusion is too high" and "outweigh[ed] any probative value." Finally, the trial court excluded the testimony.

We conclude that the trial court did not abuse its discretion. Although defendant argued that his testimony would "rebut[]" the victim's testimony that her children left her home because of defendant, the record supports the trial

court's determination that the testimony was not probative of whether defendant committed the any of the charged offenses against the victim. We therefore reject defendant's argument that he had "significant need" for the testimony to "undermine[] the state's suggestion that defendant was so dangerous that his mere presence in the apartment forced [the victim's] children to relocate."

Further, "[t]he potential for confusion of the jury *** was considerable."

*State v. Rubio/Galligan*, 248 Or App 130, 138, 273 P3d 238, *rev den*, 352 Or 107 (2012). The testimony could have confused the jury by "detract[ing] from the factfinder's ability to neutrally and thoroughly assess the evidence" concerning *defendant's* conduct and would create unfair prejudice by "caus[ing] the jury to develop antipathy toward *the victim* for reasons unrelated to the issues." *Naudain*, 368 Or at 157 (emphasis added; internal quotation marks omitted).

Thus, the record establishes that the testimony's probative value was low and it posed a significant risk of "distract[ing] the jury from the central question whether the defendant committed the charged crime." *Mayfield*, 302 Or at 645. "In these circumstances, the trial court did not abuse its discretion in excluding the proffered evidence under OEC 403 on the ground that its probative value was substantially outweighed by the risk of unfair prejudice and confusion of the issues before the jury."

*Rubio/Galligan*, 248 Or App at 139.

*Sentencing.* In his second assignment of error, defendant argues that the trial court erred when it imposed a special probation condition in the general judgment because it had not announced in open court and because the condition was unsupported by the record. The state concedes that the trial court erred because the court did not "orally impose that condition in open court in defendant's presence." We agree and accept the state's concession.

"A criminal defendant has the right to have his, her, or their sentence announced in open court, and a trial court errs if it does not do so." *State v. Salah*, 335 Or App 576, 585,

558 P3d 1279 (2024), *rev allowed*, 373 Or 815 (2025). Here, the general judgment ordered defendant not to "purchase, use, or possess controlled substances, except as in accordance with a valid prescription." Because the trial court did not announce the probation condition in open court, it erred by imposing the condition in the general judgment. *See id.* (so concluding).

Further, "[w]e decline to address defendant's remaining arguments as to [the probation condition] because any such arguments can be presented to the trial court in the first instance on remand." *Id.*; *see also State v. Keen*, 304 Or App 89, 90, 466 P3d 95 (2020) ("On remand, the parties may raise, and the court may address, whether and how the condition is one that is reasonably related to defendant's offenses of conviction.").

Remanded for resentencing; otherwise affirmed.